## MARY A. BYERS ET AL. V. E. H. CARLL.
### No. 326.

1. **Answer Remains Effective, When.**—The answers replying to the original petition were not rendered of no effect by the filing of an amended petition, even though the nature of the suit was changed from one of trespass to try title for the whole of the tract to one of trespass to try title for a part of it, and asking for partition.

2. **Limitation—Coverture—Pleading.**—Although evidence of coverture was admitted without objection, it can not be considered without coverture has been pleaded in reply to the plea of limitation set up by the defendant.   68 Texas, 599.

3. **Limitation—Tenant in Common.**—If one tenant in common in possession sets up a claim for a greater interest than he owns, and excludes his cotenant, his holding may become adverse and mature into title by limitation.   73 Texas, 44.

4. **Adverse Possession — Land Within Inclosure.**—Defendant inclosed the lands sued for, in 1882 or 1883, with other lands held by purchase or lease by defendant, until 1892, when suit was filed.   *Held,* such possession was sufficient to bar a recovery prior to enactment of chapter 57, Twenty-second Legislature (March, 1881).

5. **Same—Statute Construed.**—The amendment touching lands inclosed within large pastures did not affect titles which had been perfected by limitation before its passage.

APPEAL from Dimmitt.    Tried below before Hon. M. F. LOWE.

*W. W. Ballew* and *Hazelrigg & Vandervoort,* for appellants.

*Winchester Kelso* and *Thomas Haynes,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was first filed by appellants as an action to try title to two certain surveys patented to the heirs of Peter M. Hughes.

Appellees answered by pleas of not guilty, and of three, five, and ten years' limitation.    Afterwards appellants filed an amended petition, alleging that they owned a two-thirds undivided interest in the land, and praying for partition.    No other answers were filed by appellees.    The case was tried by the court, and judgment rendered for appellees.

The testimony shows, that appellees had been in peaceable adverse possession of the land in controversy for more than five years prior to the institution of the suit, using and enjoying and paying taxes on the same under deeds duly recorded.    Appellants did not plead any disabilities.

The answers replying to the original petition were not rendered of no effect by the filing of an amended petition, even though the nature of the suit was changed from one of trespass to try title for the whole of the tract to one of trespass to try title for a part of it, and asking for partition.    It was not obligatory to file another answer to the amended petition, and the defenses set up in the answer to the original petition could be urged without amendment to the amended petition. The cause of action set up in the amended petition was not a new one, but merely a diminution in the demand, with a prayer for partition. In partition proceedings, questions involving conflicting claims to title by parties thereto may be determined.    De la Vega v. League, 64 Texas, 205; Rev. Stats., art. 3483.

The statute of three, five, and ten years' limitation was pleaded in this case, and proof was introduced that clearly showed that Mrs. Byers and Mrs. Smith were under the disability of coverture from a time long anterior to the inception of appellee's adverse possession, and had coverture been pleaded as to these two appellants there could have been no bar of statute.    It is true that the testimony as to coverture was introduced without objection on the part of appellee, and it may be supposed that the married women were entitled to the benefit of it, but our Supreme Court has held otherwise.    Harvey v. Cummings, 68 Texas, 599.

The case is in the same condition before us that it would be had the married women been under no disability, and the question must be ignored in arriving at a decision, as it seems to have been ignored by counsel in the lower court, as well as in this court.

There was no error in admitting the deeds from Hewlett to E. H. Carll, from Howard to Ogden, from Burnett to Ogden, from Howard to Castro, from Castro to Riddle, Riddle to Hartz, Jones to Carll, and from Howard to heirs of Alexander, as they were all links in appellee's title, and were permissible not only as muniments of title, but to show ouster of any and all cotenants.    These conveyances show, that more than five years before the institution of the suit, Russell Howard had sold the whole of the land to different parties, and it had been bought by Edward Carll, and had been fenced and held by him adversely to every one.    The sale to Carll of the whole of the two tracts of land was in effect such an assertion of claim to the whole that it can not be mistaken, because it was totally inconsistent with the admission of any one else's title to the land.    It was an ouster of all cotenants.    The deeds were properly recorded, and taxes had been paid by appellees for more than five years before the institution of the suit.    "The doctrine is well established, that if one tenant in common in addition to his possession sets up a claim for a greater interest than he owns and excludes his cotenant, his holding may become adverse and may mature into title by limitation."    Mayes v. Manning, 73 Texas, 44.

The land in controvery was fenced, together with other lands, in 1882 or 1883, by Edward Carll, and he held all the lands in the pasture either by purchase or lease until this suit was instituted, in 1892. It is contended by appellants, that because several thousand acres of land were included in the pasture, that under articles 3195a and 3195b, that went into effect in 1891, the plea of the statute of limitation would not avail. The title by limitation of five years had, however, been perfected before the Act of 1891 was enacted, and of course was not affected by that act. Prior to the passage of the law of 1891, the law permitted titles to small tracts of land inclosed with large tracts to be perfected by limitation. Church v. Waggoner, 78 Texas, 201.

In the case last cited, Waggoner and Church held title in common to three tracts of land, one containing 640 acres, one 1476 acres, and the other 1920 acres, and Waggoner fenced the three tracts in a pasture containing 35,000 acres of land. He had obtained a deed to the whole of the three tracts previous to fencing it, and had it recorded, and for five years before the institution of the suit had paid taxes on the same. He pleaded five years' limitation, and it was sustained by the Supreme Court. That case is very similar to the one we are considering.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 9, 1894.

Writ of error refused, October 11, 1894.