J. LEVINSKI v. R. N. WILLIAMSON ET AL.

Decided December 9, 1896.

**1. Lease—Removal of Fixtures—Restoration of Premises—Injunction.**

A tenant who had placed a plate glass front in the rented building under a contract giving him the right to remove same on expiration of term, restoring the front to the same condition as before, and who was proceeding to remove the front without arrangement for or assurance of such restoration, he being insolvent and having already by its unskillful insertion damaged the building to the amount of the fixtures, was properly enjoined at suit of the owner from removal thereof, his damage from loss of the fixture being offset by that caused by its insertion.

**2. Non-Suit—Appeal.**

A party who has taken a non-suit can not thereafter assign errors on appeal.

ERROR to the District Court of McLennan County. Tried below before Hon. L. W. GOODRICH.

The suit was brought by R. N. Williamson and Bettie, his wife, and Geo. B. Gurley and Edna, his wife, against Levinski, for injunction. Mrs. Gurley, then Edna Motz, had rented a store building to Levinski and Levine under a contract which permitted them to put in a new front,—the same to belong to said Levinski and Levine, "and may be removed by them at or before the expiration of the lease, and they agree that on the removal of said front of doors and windows they will rebuild the present brick front up to the lintel and place the front in the same condition it now is." Levinski became, by assignment with the lessor's consent, the owner of all rights of Levinski and Levine. Plaintiffs

obtained a temporary injunction against defendant removing the plate glass front on leaving the premises. Defendant plead his right to remove the front under the contract and alleged damages to the amount of its value by reason of the issuance of the injunction; to which plaintiffs replied alleging damages to the building by the cracking of its walls through slight and insufficient support, due to defendant's insertion of the glass front, and alleged defendant to be insolvent. The trial was by the court and plaintiffs were adjudged entitled to the relief sought, and the injunction was perpetuated, in favor of Gurley and wife. The Williamsons failed to establish their rights in the property, under the rulings of the court, and took a non-suit without prejudice, but afterwards assigned errors in the rulings of the court as to them. Levinski prosecuted writ of error.

*Jones & Sleeper*, for plaintiff in error.—The court erred in giving judgment in favor of plaintiffs, Geo. B. and Edna L. Gurley, against the defendant, perpetually enjoining him from removing said plate glass windows and doors from said building, because the evidence shows that the same were the absolute personal property of said Levinski, and he was entitled to remove the same under agreement of said Edna L. Gurley, made prior and subsequent to the time when said doors and windows were placed in said building.

*Thos. P. Stone* and *Jas. D. Williamson*, for defendants in error.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—We have considered all the questions presented in the briefs. There is evidence in the record that will support the material averments of the petition of the plaintiffs Geo. B. and Edna L. Gurley for the injunction and as to damages, and the finding, that the damages sustained by the defendant, Levinski, are offset, as held by the court below, by those sustained by said plaintiffs; and, such being the facts, the injunction was properly issued and perpetuated.

The plaintiffs R. N. and Bettie Williamson, having taken a non-suit, can not appear in this court and assign error upon the action of the court in holding that they were not shown to have any interest in the subject-matter of the suit. Having taken a non-suit, they are not parties to the suit, and cannot be heard to complain.

The judgment of the court below will be affirmed.

*Affirmed.*