SMITH et al. v. TIPPS. (No. 1355.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 3, 1914. Rehearing Denied Dec. 10, 1914.)

1. VENDOR AND PURCHASER (§ 285*)—ACTION FOR RECOVERY OF LAND—PLEADING—SUFFICIENCY.

A petition by a transferee of vendor's lien notes which contains merely a prayer that title to the land be divested out of the vendor, who had refused to convey his superior title to the transferee, and the purchaser, without stating why such judgment should be rendered, does not support a judgment awarding the land to him as against the vendor and the purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. § 285.*]

2. VENDOR AND PURCHASER (§ 261*) — VENDOR'S LIEN NOTES—ENFORCEMENT—RECOVERY OF LAND—ELECTION OF REMEDIES.

A transferee of vendor's lien notes and grantee of the superior title of one of the two vendors may not demand a judgment for the notes and a foreclosure of the lien, and for a rescission of the sale and recovery of the land, but he must elect his remedy, and in the absence of an election the court cannot elect for him, nor give him alternative relief, in the absence of a proper pleading in the alternative.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. § 261.*]

3. PLEADING (§ 251*) — PETITIONS — AMENDMENTS—CONSTRUCTION.

A petition, amended petition, and second amended petition cannot be construed together to support a judgment, where they do not conform with District and County Courts Rules 13, 14 (142 S. W. xviii), providing that a party amending his pleadings shall point out the instrument with its date sought to be amended as original petition, and amend by filing a substitute complete in itself, and that unless the substituted instrument shall be set aside on exceptions for a departure, the instrument for which it is a substitute shall not be regarded as a part of the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 734, 735; Dec. Dig. § 251.*]

Appeal from District Court, Rusk County; W. C. Buford, Judge.

Action by John M. Tipps against Clem Smith and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded for new trial.

By their deed dated November 1, 1906, J. E. Watkins and R. H. Hightower, in consideration of the execution and delivery to them by appellant Clem Smith of his three promissory notes for $100, interest, and attorney's fees, each payable, respectively, November 1, 1907, 1908, and 1909, conveyed the 80 acres of land in controversy to said Smith. By the terms of both the deed and the notes the vendors' lien was retained on the land to secure the payment of the latter. November 7, 1908, Watkins and Hightower transferred the notes to B. K. Johnson, who, joined by one Moore, on December 14, 1912, assigned same to appellee. Before the notes were assigned to Johnson, Smith made a payment of $10 on same, and while Johnson owned them made a payment of $30 thereon. No other payment was ever made on the notes. By an instrument dated January 25, 1912, Hightower conveyed the superior title remaining in him as one of the vendors of the land to appellee. Watkins refused to make such a conveyance to appellee. This suit was commenced by appellee by a petition filed May 1, 1913. As so commenced, it was

---

to recover on the notes and to foreclose the vendors' lien to secure their payment. Neither appellee's original petition nor the original answer of Smith thereto is a part of the record on this appeal, but it seems Smith interposed as a defense to the suit a plea that the notes were barred by the four-year statute of limitations, and that appellee thereupon filed his "first amended original petition," in which he alleged that while it was true that the notes which matured in 1907 and 1908 were barred, the one which matured in 1909 was not barred at the time he commenced his suit. In this amended petition he undertook to adopt "each and every allegation set out in his original petition," and prayed the court, "as in his original petition, for a foreclosure of his vendors' lien notes and for a sale of said property to satisfy same, and if the court should hold that the notes due November 1, 1907, and November 1, 1908 are barred by the statute of limitations, that he have judgment against the defendants as prayed for in his original petition on the $100 note due November 1, 1909, and that after the satisfaction of said note the balance of said premises be appropriated and the title to same be declared in this plaintiff, or so much thereof as the court may hold plaintiff is justly entitled to, * * * . and that plaintiff would further ask that the title to the entire 80 acres of land described in plaintiff's original petition be declared to be in plaintiff herein, or so much thereof as the court may see proper to render, and that plaintiff have judgment against the defendants, and each of them, for his debt, for the possession of said land and premises, interest, and attorney's fees as prayed for in his original petition," etc. Afterwards appellee sought by a plea filed for that purpose to make Watkins a party defendant in the suit, and for judgment devesting title out of him and vesting same in appellee, and then filed a "second amended petition," in which, without alleging any facts entitling him to such relief, or any relief, he asked "that the deed conveying the land for which the notes herein sued on were given * * * be canceled, and the title to the said 80 acres of land described in plaintiff's original petition, to which reference is here made, be declared to be in plaintiff herein in fee simple." In neither of the amended petitions was the land in controversy described otherwise than by reference to the original petition, which, as before stated, is not a part of the record here. This appeal is by Smith alone from a judgment awarding the land to appellee as against him and as against Watkins.

Strong & Arnold, of Henderson, for appellants. W. M. Futch and Jas. Y. Gray, both of Henderson, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] If the allegations in the sec-

171 S.W.—52

ond amended petition alone should be looked to in determining the question made as to the sufficiency of the pleadings to support the judgment, it is manifest the answer must be in the negative; for no facts showing appellee to be entitled to recover the land, or to relief of any kind, are stated in that petition. It contains merely a prayer that title to the land be devested out of Smith and Watkins and vested in appellee, without stating why such a judgment should be rendered. Doubtless appellee intended the petition to be construed as a part of his first amended petition, and perhaps of his original petition. If it should be so construed, the judgment still could not be said to be warranted by the pleadings; for it would then appear that appellee was in the attitude of asking both a judgment for the debt evidenced by the notes and a foreclosure of the lien retained, and for a rescission of the contract of sale out of which the debt originated. He might be entitled to the one or the kind of relief, according to the facts, but certainly he was not entitled to recover on the notes and to also recover the land. As, in the absence of an election by him as to whether he would seek a recovery on the notes and so affirm the contract whereby the land was sold to Smith, or would seek a recovery of the land and so disaffirm that contract, or of proper pleading in the alternative, the court could not elect for him nor give him alternative relief, it is not believed the judgment could be held to be supported, if all appellee's pleadings should be construed together, as he seems to have intended they should be.

[3] His pleadings, however, could not be so construed without ignoring rules governing in the trial of cases in district courts. Rule 13 (142 S. W. xviii) provides that the party amending his pleadings "shall point out the instrument, with its date, sought to be amended, as 'original petition' * * * and amend such instrument by preparing and filing a substitute therefor, entire and complete in itself," etc., and Rule 14 provides that "unless the substituted instrument shall be set aside on exceptions for a departure in pleading, or on some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation." And see Wilson v. Vick, 51 S. W. 45; Dunlop v. Dunlop, 130 S. W. 715; Ry. Co. v. Halsell, 98 Tex. 244, 83 S. W. 15.

Because the judgment is without support in the pleadings, it will be reversed, and the cause will be remanded for a new trial.