CITY OF ARANSAS PASS v. USHER et al.
(No. 5776.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1917.)

1. PLEADING &⇒252(2)—AMENDED PETITION—SUFFICIENCY — REFERENCE TO ABANDONED PLEADING.

Where an amended petition was filed and the original petition discarded, the amended petition was to be tested by its own allegations, and no reference to the abandoned pleading could aid it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 737½; Dec. Dig. &⇒252(2).]

2. APPEAL AND ERROR &⇒518(4)—REVIEW—PLEADING.

In a suit against a city and others to enjoin the payment of certain city warrants, where an amended petition was filed and the original petition discarded, the court could not be aided by a reference to the original petition where it did not appear on the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2347; Dec. Dig. &⇒518(4).]

Appeal from District Court, San Patricio County; W. W. Walling, Special Judge.

Suit for injunction by Linton J. Usher and others against the City of Aransas Pass and others. Judgment for plaintiffs, and the City of Aransas Pass appeals. Affirmed.

J. E. Greer, of Aransas Pass, for appellant. W. H. Young, of Aransas Pass, and M. C. Nelson, of Sinton, for appellees.

FLY, C. J. This suit was instituted by Linton J. Usher, W. H. Starbuck, and C. F. McAllister against the city of Aransas Pass and the mayor, clerk, and commissioners thereof, the First State Bank, and the Progress Printing Company, probably to obtain writs of injunction and have them perpetuated to prevent the payment of certain city warrants issued by the city to the printing company. The prayer of the petitioners is: "Wherefore defendants having been cited to appear and answer, and the writs of injunction prayed for in plaintiffs' original petition having been issued and served on each of the defendants, plaintiffs pray as in their original petition, and for such other and further relief, special and general, in law and in equity, to which they may be entitled."

[1, 2] When the amended petition was filed, the original petition was discarded, and it had to be tested by its own allegations, and no reference to the abandoned pleading could aid it. However, if this were not the rule, this court could not be aided by the reference, as the original petition does not appear in the record. We can infer that appellees sought a permanent injunction, because the court granted them a judgment making a temporary injunction permanent, although the judgment fails to indicate what is enjoined. This can be ascertained, however, from the temporary writ of injunction which is embodied in the record. The city alone has appealed, but why it should appeal does not appear from anything in the record. Why it should be so solicitous about paying the debt is not shown.

The brief of appellant fails to follow the rules, as to briefing a cause, in any respect. None of the assignments of error are copied into the record, and no effort is made to present the points raised by it. There is no fundamental error.

The judgment is affirmed.