**DANIELS v. JONES et al.    (No. 6404.)**

(Court of Civil Appeals of Texas. San Antonio. July 2, 1920. On Motion for Rehearing, Oct. 6, 1920.)

**1. Wills ⬥═220—Creditor held not entitled to contest will, not being a "person interested" in estate.**

Party who had rendered services for testator pursuant to testator's promise to bequeath land˙ to such party *held* not entitled to contest will, under Rev. St. art. 3236, being merely a creditor of the testator, and not a "person interested" in the estate, within such statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

On Motion for Rehearing.

**2. Wills ⬥═307 — Though demurrer was not filed in time, contest dismissed, when contest-·ant had no interest.**

Where will contestant was not entitled to contest will, because not a person interested in the estate, under Rev. St. art. 3236, it was court's duty to dismiss proceeding, regardless of whether demurrer to petition was filed at proper time.

**3. Executors and administrators ⬥═26(1) — Independent executor need not give bond until he is made executor.**

Rev. St. arts.˙ 3364, 3365, entitling claimant against estate to ask that executor be required to give bond, and providing that such bond may be required, if executor is wasting, mismanaging, or misapplying the estate, are applicable to executors acting under will already probated, and does not require that person named as independent executor give bond until by probate of the will he becomes independent executor.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Proceeding to probate will by Dave Jones and another, contested by Neta Daniels. Judgment for proponents, and contestant appeals. Affirmed.

McCollum Burnett, of San Antonio, for appellant.

Dixon Gulley and R. P. Ingrum, both of San Antonio, for appellees.

FLY, C. J. On March 18, 1919, Dave Jones and Martin Jones applied to the county court of Bexar county to probate the will of Pat Jones, deceased, alleging that the testator had died in San Antonio, Tex., on March 12, 1919, leaving an estate of the probate value of $30,000, and that in said will proponents were named as independent executors, without bond. On April 14, 1919, appellant filed a contest of the will, to which contest a general demurrer was sustained by the coun-

---

ty judge. The cause was appealed to the district court, where the appellant filed an amended petition. A general demurrer was there sustained to the amended petition. The amended petition alleged:

"That contestant herein is a creditor of said estate in the sum of $10,000, in that during the lifetime of said deceased, Pat Jones, she, at the special instance and request of said deceased, performed certain numerous and valuable personal services for and on behalf of said deceased, said services consisting, among other things, of attending to all of the usual and customary household duties for deceased and his household, as well as nursing and administering unto him during his long and protracted illness."

It was further alleged that Pat Jones had promised appellant to bequeath to her 30 acres of land to satisfy said debt, but was prevented from so doing by the persuasion of appellees. Appellant also alleged that she had sued the estate of Pat Jones for the land or its value, and the suit was pending in the district court of Bexar county, and she sought a consolidation of the suit on the contract with the suit contesting the will.

[1] Appellant, being merely a creditor of Pat Jones, deceased, had no right or authority to contest the will of deceased. It is provided in article 3236, Revised Statutes of Texas, that—

"Any person interested in an estate may, at any time before any application, petition, exhibit, account, claim or other proceeding is decided upon by the court file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

As to who is meant by "any person interested," this court has held, and such holding has met the approval of the Supreme Court, that it includes only one—

"who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor." Pena y Vidaurri's Estate v. Bruni, 156 S. W. 315.

In that case the appellee contested the will of Vidaurri, on the ground that he had purchased all the interest of the testatrix in the land bequeathed by her, and this court said:

"Under his pleadings, he is not interested in the estate of testatrix, and claims nothing therein, but under the guise of contesting a will he is actually prosecuting an action of trespass to try title. * * *"

If, as alleged by appellant, she was endeavoring to specifically enforce a contract entered into between her and the testator, she was not a person interested in the estate, but merely a creditor, who desired to recover land or a sum of money from the estate. She had no right to share in the estate or in the proceeds thereof, either absolutely or contingently, but contended that the estate owed her a debt. Matter of Killan, 172 N. Y. 547, 65 N. E. 561, 63 L. R. A. 95; Thompson v. Dodge, 210 S. W. 586.

While we think the general demurrer filed to the original petition reached the amended petition, still, if that had not been true, the court could not entertain the contest of a will by a creditor, who was not interested in the estate, in the contemplation of the statute, and the contest was properly dismissed. There is nothing alleged in the petition that brings this case within the purview of Journeay v Shook, 105 Tex. 551, 152 S. W. 809, and the other cases cited by appellant. The suit on the contract is not before this court for a decision, and will not be considered.

None of the assignments of error has any merit, and all are overruled. Whether the will was properly probated or not is not before this court, and will not be investigated.

The judgment is affirmed.

## On Motion for Rehearing.

[2] If appellant had no right or authority under the law to contest the will of Pat Jones, deceased, which the statutes of Texas clearly denies, what would it profit appellant or any one else to go into a disquisition on when and where a general demurrer should be filed? Appellant had no standing in court as a contester of the will, and the court had the right, and it was its duty, to put appellant out of court, whether a general demurrer was filed by the executors at the proper time or not. The district court acted clearly within its powers in sustaining the general demurrer as to the amended petition, which was directed to the original petition, if the demurrer was good as against the amended pleading. Appellant had no right to contest the will, and no amount of amending could confer such right. The answer replying to the original petition was not destroyed by the filing of the amendment, and the general demurrer was effective as against the amended petition. Byers v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190, approved by the Supreme Court; Times Co. v. Fuller, 215 S. W. 113. There is, therefore, no appropriateness in or call for, jeremiads as to destruction of the rules of practice and pleading by district courts to such an extent as to cause them to gradually develop "into corporation courts, where the lawyers on both sides and the witnesses all talk at the same time, without reference to the rules."

The case of Bridgewater v. Hooks, 159 S. W. 1007, is not a contested will case, and has no applicability whatever to it. Appellant may have a good cause of action against the estate of Pat Jones, but that would not confer the right to contest the probate of the will. The case of Vidaurri v. Bruni, herein-

before cited, applies with full force and effect, for it especially excepts the creditor as one who cannot contest a will. This is reiterated in Thompson v. Dodge, 210 S. W. 586, where this court held:

"No one is entitled to contest the probate of a will except a person interested therein, and in the cited case of Vidaurri v. Bruni this court held that by 'person interested' is meant one who either absolutely or contingently is entitled to share therein, and this would exclude the creditor."

It may be "inexplicable" to appellant how courts should so construe the statute; but this court has so construed it, and the Supreme Court has approved that construction. This would seem to render such construction the law of Texas.

Under the theories advanced by appellant, any creditor would be authorized to contest the probate of a will of the deceased debtor. This is not the law. As said by Alexander in Commentaries on Wills, pp. 2036–2039, after mentioning those who may contest a will as well as those who cannot:

"Nor has a creditor as such an interest in the estate of a decedent which will authorize him to contest the will, since it is immaterial by whom his claim is paid, or whether the assets of the estate are administered under the will, or as in case of intestacy. Any other rule would result in trouble, expense, and delay."

The allegations of appellant show that she was not mentioned in the will, and that she is claiming $10,000 for services rendered deceased.

[3] In article 3364, Revised Statutes, provision is made for any one having a claim against an estate, to the justice of which oath has been made by the claimant, to file a complaint asking that the executor be required to give a bond. In article 3365, it is provided that a bond may be required of the executor, if it is proved that he is wasting, mismanaging, or misapplying such estate, and that thereby said creditor may probably lose his debt. Those statutes evidently have application to executors acting under a will already probated, and the petition of appellant did not and could not make the necessary allegations upon which to base proof of waste, mismanagement, or misapplication of the estate, because the executors did not have possession of the estate until the will was probated. Appellant's only allegations are that, if the will is probated, the executors will dispose of the property of the estate, and that she will thereby suffer "irreparable damage and injury," and if she had been allowed to prove her allegations the requirements of article 3365 would not have been met. Certainly a bond cannot be required of one named as independent executor in a will, until by probate of the will he becomes the independent executor.

Appellant is—

"somewhat surprised to note that this court refuses to pass upon appellant's assignments of error Nos. 4, 5, and 6, wherein it is claimed that the will of the deceased Jones was not legally and duly probated by the district court."

There is no ground for surprise, for, if appellant had no authority to contest probate of the will, it could be no business or concern of hers whether the will was properly probated or not. When this court held that appellant had no right in law to contest the will, that fully disposed of everything connected with the case.

The motion for rehearing is overruled.