### CORNISH v. HOUSTON TERMINAL LAND CO. (No. 8363.)

(Court of Civil Appeals of Texas. Galveston. Nov. 28, 1923.)

**1. Appeal and error ⬅884 —Error in dismissal of petition because of refusal to amend held waived.**

Where, after special exceptions to petition in trespass to try title were sustained, plaintiff refused to amend, and case was dismissed, but on subsequent day he filed amended answer to cross petition, setting up a complete suit in trespass to try title so as to render it immune to special exceptions, and thereafter defendant withdrew its cross-action and plaintiff his answer thereto, and there was no suit before the court, plaintiff must be deemed to have actually amended his petition to conform to the court's ruling on the special exceptions, and the ruling on dismissal became a nullity, and error therein, if any, cannot be heard on appeal.

**2. Pleading ⬅419—Amending in response to court's order waiver of error therein.**

An amendment of pleadings in response to an order sustaining exceptions thereto is waiver of error in court's action.

**3. Appeal and error ⬅883—One voluntarily dismissing action cannot complain of ruling on his pleadings.**

One who has taken a nonsuit, or dismissed his cause below, cannot complain on appeal of trial court's ruling on his pleadings.

———

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Adverse possession ⊕▶110(3)—Averment of time during and dates between which plaintiff claimed by adverse possession held essential.**

Where, in trespass to try title, title asserted was dependent on 10 years adverse possession, time during and the dates between which the claimed possession continued became material and traversible facts, and in absence of averment thereof petition was not good as against demurrer.

**5. Trespass to try title ⊕▶32—Land must be described definitely.**

In trespass to try title, land must be described definitely enough for decree to be entered therefor and writ of possession executed thereon.

**6. Trespass to try title ⊕▶32—Averment of claim to portion of tract held insufficient.**

While in trespass to try title, averment of claim to such portion of a larger tract as plaintiff's improvements cover, without stating what they cover, might be good as against general demurrer; it is defective as against special exception.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Trespass to try title by Ed. Cornish against the Houston Terminal Land Company and another. Judgment for defendant named, and plaintiff appeals. Affirmed.

Warren & Conn and C. C. Highsmith, all of Houston, for appellant.

Harry Holmes, Campbell & Nicholson, all of Houston, for appellee.

GRAVES, J. We adopt from appellee's brief, as a correct statement of the nature and result of this suit, the following:

"This was an action of trespass to try title brought by appellant, Ed. Cornish, against the Houston Terminal Land Company, a corporation, appellee, and the Texas Trust Company, a corporation, his original petition being filed January 31, 1916, to recover 14 acres of land, now within the city limits of the city of Houston, described in said petition; claiming the same under the 10-year statute of limitation.

"On August 4, 1916, the Houston Terminal Land Company, appellee, filed its first amended original answer and cross-action, containing general demurrer, general denial, plea of not guilty, and pleading the 3, 5, and 10 year statutes of limitation; also containing a cross-action against the original plaintiff, Ed. Cornish, and impleading C. C. Highsmith and Mose Williams, such cross-action containing the statutory allegations of trespass to try title, and pleading the 3, 5, and 10 year statutes of limitation.

"On December 5, 1916, appellant, Ed. Cornish, filed his first amended original petition praying for a mandatory injunction to place him in possession. On December 8, 1916, Tom Rochelle, who was a party defendant in such amended petition, filed his answer to the injunction, and disclaimed title to the property;

and the Houston Terminal Land Company, appellee, filed its first supplemental answer, containing general demurrer, special exceptions, and specially denying the equities of the petition and prayer. The injunction was refused.

"On May 9, 1922, appellant, Ed. Cornish, filed his second amended original petition, complaining of the Houston Terminal Land Company, Texas Trust Company, Tom Rochelle, Mrs. C. E. B. Dargan, executrix of the will of Harvey T. D. Wilson, deceased, and A. N. Dargan, and Mildred H. Dargan, describing the same land as in his original petition, and pleading the 10-year statute of limitation in the following plea:

"'As his title, plaintiff alleges that he has been in peaceable and adverse possession of the above-described tract of land, cultivating, using, and enjoying the same for more than 10 years after the defendant's cause of action, if any, accrued therefor, claiming the same as his own and to the boundaries above described, and the defendants' cause of action, if any they ever had, is since barred by the statute of limitation of 10 years before the filing of this suit, which is here specially pleaded as the plaintiff's title.'

"Following such limitation plea above set out, plaintiff further pleaded as follows:

"'Plaintiff further alleges in the alternative that, if he is not entitled to the land described by metes and bounds under his plea of limitation herein, at least he is entitled to some portion thereof, in that he has been in peaceable and adverse possession of some portion of the land above described, cultivating, using, and enjoying the same, and claiming the same as his own for more than 10 years prior to the filing of this suit, and the defendants' cause of action, if any they ever had thereto, has long since been barred by the statute of limitation of 10 years, which is here specially pleaded.'

"At the same time, appellant, Ed. Cornish, C. C. Highsmith, and Mose Williams filed their answer to the cross-action of the Houston Terminal Land Company, containing the same allegations as to limitation. On the same date, May 9, 1922, defendants C. E. B. Dargan, executrix of the last will and testament of H. T. D. Wilson, deceased, A. N. Dargan, and Mildred H. Dargan, and the Texas Trust Company, disclaimed any interest in the land in controversy.

"The Houston Terminal Land Company filed its second supplemental answer, replying to the second amended original petition of appellant, Ed. Cornish, and the answer and cross-action of Ed. Cornish, C. C. Highsmith, and Mose Williams, containing special exceptions to the pleas of plaintiff set out above, as follows:

"'This defendant specially excepts to that portion of each of said pleadings alleging possession of the premises described therein for more than 10 years before the institution of this suit, because said pleading does not allege the specific period of time during which, and the specified dates between and within which, it is claimed that the plaintiff was in the peaceable, adverse possession of said premises, and therefore said pleading is too vague, indefinite, and general to require this defendant to answer the same, and it is not sufficient to place this defendant upon notice of the facts

⊕▶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be shown by the evidence in support of said plea. Wherefore, this defendant prays that such parties may be forced to replead and specifically set out the time within which and during which the plaintiff claims to have had adverse possession of said land; and that the portion of said pleading excepted to be stricken from the record.

"'Defendant specially excepts to that portion of each of said pleadings which alleges that, if the plaintiff did not have adverse possession of all of said land for sufficient length of time to mature into a limitation title, he was in peaceable, adverse possession of a portion thereof, and has title to a portion thereof by the ten-year statute of limitation, because the same is too vague, indefinite, and uncertain to require this defendant to make answer thereto, and does not show the specific tract of land of which it is claimed said plaintiff had adverse possession, and does not place this defendant upon notice of the facts which will be shown, and which he will be called upon to controvert in reference thereto. Wherefore, this defendant prays that the said parties be forced to replead, and that the portions of said pleading excepted to may be stricken from the record.' Which exceptions were by the court sustained, to which plaintiff, Ed. Cornish, excepted.

"Thereupon, plaintiff, Ed. Cornish, and cross-defendant, C. C. Highsmith, filed and presented their motion for continuance of said cause, which was overruled, to which action of the court said movants excepted.

"Appellant, Ed. Cornish, declined to amend his second amended original petition to meet the special exceptions which were thus sustained thereto, and the case was by the court dismissed, to which he excepted.

"Attachments were ordered issued for the witness Ed. Cornish, appellant herein, and George Cornish, returnable at 9 o'clock a. m. the following day (May 10, 1922), and the Houston Terminal Land Company, appellee, announced ready for trial, and the court proceeded with the trial of the case, and said trial continued until May 10, 1922, when appellant, Ed. Cornish, appeared in court in his own proper person, and the said Ed. Cornish and C. C. Highsmith each requested and were granted leave to file first amended answers to the cross-action of appellee, Houston Terminal Land Company; and cross-action against appellee for the land in controversy; and such amended answers and cross-actions were filed, in which it is recited:

"'Now comes Ed. Cornish, after the court had sustained said special exceptions Nos. 2 and 3 of the Houston Terminal Land Company et al., contained in their second supplemental answer, and in order to meet the cross-ruling on such special exceptions, makes and files this his first amended original answer and cross-bill, * * *' in which amended answer and cross-bill appellant more specifically sets out his same claims and pleas of limitation, and specifically described the land claimed in such alternative plea. Appellee thereupon filed its third supplemental answer, containing general denial and plea of not guilty, and defendants C. E. B. Dargan, executrix of the estate of Harvey T. D. Wilson, deceased, A. N. Dargan, Mildred H. Dargan, and the Texas Trust Company, filed additional disclaimers of the land sued for. De-

fendant C. C. Highsmith thereupon renewed his motion for a continuance, which was by the court overruled, and to which he excepted. Thereafter, on the same day, May 10, 1922, a jury was impaneled and sworn to try the case.

"After the jury had been selected, appellee Houston Terminal Land Company dismissed its cross-action. Thereupon said Ed. Cornish and C. C. Highsmith dismissed their respective cross-actions against the original defendant, Houston Terminal Land Company, appellee herein, and, there being no parties and no cause of action before the court, the jury was discharged and the costs adjudged. After appellant had so voluntarily dismissed his cross-action, he gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, and has perfected such appeal, and the case is now before this honorable court."

In his brief filed in this court, appellant says:

"As shown by the foregoing statement, this appeal is from an order dismissing the plaintiff's case by reason of his refusal to amend his second amended original petition, filed May 9, 1922, to meet the rulings of the court upon the appellee's second and third special exceptions, contained in his second supplemental answer. We contend that the pleas of limitation as contained in the second amended petition were in law sufficient, and the court erred in sustaining the special exceptions and in dismissing the plaintiff's case. We shall therefore make only two propositions.

"First Proposition.

"The plaintiff's plea of title under the 10-year statutes of limitation for the land described by metes and bounds in his second amended original petition was in law sufficient, and the court erred in dismissing the plaintiff's case by reason of his refusal to amend the same to meet the special exception No. 2, contained in the appellee's second supplemental answer, which was sustained by the court.

"Second Proposition.

"Plaintiff's alternative plea of title to some portion of the land claimed by him under the statute of limitation of ten years, and described by him by metes and bounds, was sufficient in law, and the court erred in dismissing the plaintiff's petition because of his refusal to amend said plea so as to meet special exception No. 3 of the appellee, contained in its second supplemental answer."

[1] It is apparent from this introduction to his two propositions that appellant regards his appeal as one from the action of the court, on May 9th, in dismissing his case on his refusal that day to amend his second amended original petition, considered apart from and as wholly unaffected by his own action next day, on May 10th, in first filing a complete new suit for the land by way of an amended cross-action, and then voluntarily dismissing that; but we cannot so look upon it.

As just indicated, his amended answer

and cross-action, filed on May 10th—after he had requested and been granted leave for that purpose—to the cross-action of the appellee then pending, was in itself a complete and formal suit in trespass to try title for the land; not only so, but, as the above-quoted recitation from it presages, he therein sought to render it immune to the first of appellee's special exceptions by alleging specifically the dates 'between and the time during which his claimed possession continued.

We think this course of procedure constituted in legal effect a withdrawal of his refusal to amend his pleadings, an abandonment of his right to stand on the court's consequent dismissal of his suit, and an actual amendment of the declaration upon his cause of action to conform to the court's holding; that being so, the ruling became a nullity, and he cannot on appeal be heard to assign errors thereon; if it had not been that in his new pleading of May 10th he affirmatively stated as an actor a full cause of action, looking to the recovery of the land by virtue of the strength of his own title thereto, and not merely a defense based on the alleged weakness of his adversary's claim, the view that this new pleading of his was only a reply to appellee's cross-action, the dismissal of which by himself did not affect his status under the former one ruled on the day before, might seem tenable, but not so when he did that after first requesting and being granted leave to amend, and in doing so expressly recited that it was done to meet the court's ruling on the special exceptions.

[2] It is well settled that an amendment of pleadings in response to an order sustaining exceptions thereto, is a waiver of any error in the court's action. Barrett v. Tel. Co. (Tex. Civ. App.) 65 S. W. 1128; Apache, etc., Co. v. Watkins (Tex. Civ. App.) 189 S. W. 1083.

[3] Nor can one who has taken a nonsuit or dismissed his cause below complain on appeal of any ruling of the trial court upon his pleadings. Levinski v. Williamson, 15 Tex. Civ. App. 67, 38 S. W. 376.

[4] Accordingly, we hold that appellant is not entitled to be heard in this court upon the assignments he urges. This conclusion disposes of the appeal, and requires an affirmance of the judgment, but, if the condition it so determines were not present, we should still have to affirm, because we think the court did not err in sustaining the exceptions.

1. In the pleading to which the special exceptions were sustained, appellant was careful to limit and confine the title declared upon by him to one of 10 years limitation; he first made the regular statutory allegations in trespass to try title, and then, in the third paragraph of his petition, which is copied in our foregoing statement, reduced the general cause of action inhering therein to one of 10 years of limitation only by his particular averments of that "as his title," and "which is here specially pleaded as plaintiff's title." It is true that the plea of limitation, being required to be made if the title it gives is to be availed of, is not ordinarily regarded as a special plea of title (Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568), but it clearly is such where the plaintiff in effect, as in this instance, sets out the declaration of his limitation, and then follows the plea with a specific averment that by reason of the possession thereby asserted he is the owner of the land, further charging the trespass of the defendant; having specially so pleaded, he is confined to that particular title. Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340; Tiemann v. Cobb, 35 Tex. Civ. App. 289, 80 S. W. 250.

The title asserted then being reduced to one dependent wholly on 10 years adverse possession, we think the time during and the dates between which that claimed possession continued became—contrary to the general rule—by the very manner and requirements of the plaintiff's allegations, material and traversible facts, indeed the only issues tendered by the pleading, and the defendant was entitled to have them specifically stated in order to determine what it would have to controvert.

In the case of Hutchins v. Flintge, 2 Tex. 473, 47 Am. Dec. 659, our Supreme Court said:

"There is no doubt that when material, the time when an alleged fact occurred, must be stated. And in general, the time when every material, or traversible fact happened. * * * Statement of the real, or precise time however, is never necessary, unless it constitutes a material part of the contract, or instrument declared upon."

In English v. Fort Worth (Tex. Civ. App.) 152 S. W. 179, the court said:

"Though, ordinarily, allegations of time and place are immaterial, and need not be proven as laid, they may be made material by the manner or by the requirement of the averments."

In principle we think these holdings sustain the conclusion just stated.

[5, 6] 2. In trespass to try title, the plaintiff must at least describe the land he claims definitely enough for a decree to be entered therefor and a writ of possession executed thereon; while an averment of claim to such portion of a larger tract as his improvements cover, without saying what they do cover, might be sufficient against a general demurrer, it would clearly be defective when objected to on that account through special exception; no inference in support of its sufficiency could be indulged against the special exception. San Antonio v. Routledge, 46

Tex. Civ. App. 196, 102 S. W. 756. See, also, the case of Parker v. Cameron & Co., 39 Tex. Civ. App. 30, 86 S. W. 648, where the court held that, in the absence of special exception, the trial court erred in sustaining a general demurrer to a petition in trespass to try title, declaring that plaintiff was in possession of an entire 640-acre survey, claiming 160 acres under 10-year limitation, but not describing the 160 acres. This upholds the view given.

From what has been said, it follows that the judgment should be affirmed. · That order has been entered.

Affirmed.