## CALLAWAY et ux. v. WESTERN UNION TELEGRAPH CO.

### No. 3394.

Court of Civil Appeals of Texas. Amarillo.
April 9, 1930.

Rehearing Denied May 7, 1930.

Zeb A. Stewart, of Amarillo, for appellants.

Cooper & Lumpkin, of Amarillo, and Francis R. Stark, of New York City, for appellee.

RANDOLPH, J.

The appellants filed this suit against the defendant. Judgment for defendant, and plaintiffs appeal.

A general exception to the plaintiffs' original petition was sustained by the trial court with the privilege, on the part of the plaintiffs, to amend such petition within ten days. The plaintiffs, within due time, filed their first amended original petition. The defendant leveled a general and several special exceptions to this amended petition, and the trial court sustained the defendant's general exception to said last named petition, and, the plaintiffs refusing to amend further, the trial court dismissed the case.

In order that the full force of the general exception may be understood, we herein insert a copy of the amended original petition:

"State of Texas, County of Gray.

"In the District Court of Gray County, Texas.

"W. L. Callaway and Mrs. W. L. Callaway, Plaintiffs, vs. The Western Union Telegraph Company, Defendant, #2178,

"Amended Petition. (1)

"Now comes plaintiff, W. L. Callaway, joined in this amendment by his wife, Mrs. W. L. Callaway, and by leave of court amends his complaint, and for amendment states:

"That Mrs. W. L. Callaway is the wife of W. L. Callaway, the person to whom the money order telegram referred to in his original petition, was addressed, and that she has an interest in the subject matter herein, and is a proper party plaintiff herein.

"Plaintiffs allege that at the time the contract for the sending and transmission of said Ten Dollars referred to in the original petition was made and entered into by and between W. L. Callaway and the defendant as

set out in plaintiffs' original petition, that the same was made for the joint benefit of plaintiffs; that defendant and its agents and servants in charge of its office in Pampa, Texas, knew, and had information and knowledge that it was the custom and habit of said W. L. Callaway to send money by defendant's telegraph lines, to his wife at Kirkland, Texas, from Pampa, Texas; that on the date and at and prior to the time of entering into the contract with the defendant for the sending and transmission of said sum of money set out and referred to in the original petition, and the payment to the defendant of its charges therefor, the plaintiff W. L. Callaway gave notice to the agent of defendant at Pampa, Texas, that his wife and children were ill and sick and were in dire and immediate need of said money to purchase medicines and food, and that said sum of money was being sent by wire to plaintiff, Mrs. W. L. Callaway, because of the immediate urgency and need thereof, and to be used for such purpose, and that the defendant could have, and did reasonably contemplate and appreciate that its failure to promptly transmit and deliver said sum of money would, and it did in fact increase the want, necessity and suffering of plaintiffs by reason of the defendant's said negligence as set out and complained of in the original petition and this amendment.

"Plaintiffs now withdraw from the original petition all claims for exemplary damages in the sum of $1,900.00 sued for in the original petition, or for any other sum or amount as exemplary damages, and now elect to sue for actual damages only, and damages occasioned and brought about by reason of disappointment, vexation, annoyance, humiliation, mortification, and mental pain and anguish, in the sum of $1,031.00 as set out in the original petition.

"Wherefore, plaintiffs pray as in the original petition, and as hereby amended, and for judgment against defendant for $1,031.00, and for their costs, and for such other relief, special and general, in law and equity, that they may be justly entitled to, as they will ever pray."

■ The amendment of the original petition renders that instrument of no further force or effect. It goes into the discard, and reference to it in the amended original petition cannot reinstate it as a pleading in the case. The amended original petition must stand on the allegations therein contained.

■ Beyond the style of the case, the names of the plaintiffs and defendants are not set out. Who are suing, and against whom judgment is sought, does not appear from the allegations of the amended pleading. Testing that pleading by its own allegations, we cannot determine who are the parties plaintiffs and defendant, nor can we determine what cause of action the plaintiffs are asserting.

The language of the amended petition cannot be construed to allege a contract between the parties and the breach thereof by the defendant telegraph company, and there is absolutely no basis for a recovery. Rockhold v. Lucky. Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046, section 5; the City of Aransas Pass v. Usher et al. (Tex. Civ. App.) 191 S. W. 157; American Indemnity Co. v. Burrows Hardware Co. (Tex. Civ. App.) 191 S. W. 574; Smith v. Tipps (Tex. Civ. App.) 171 S. W. 816; Poon v. Miller (Tex. Civ. App.) 234 S. W. 573; Hance v. Burke, 73 Tex. 62, 11 S. W. 135.

There are several other questions presented in the briefs of the parties besides those above discussed, but we do not deem it necessary to consider them, as it clearly appears from the questions discussed and the authorities cited that the trial court's judgment should be affirmed, and said judgment is accordingly affirmed.

On Motion for Rehearing.

It is insisted in the motion for rehearing, in addition to the other criticisms of the original opinion herein, that this court erred in holding that the general demurrer to plaintiffs' petition was properly sustained, for the reason that the plaintiffs were permitted to amend their original petition and filed same in the cause, and that this superseded the defendant's general demurrer, as contained in its original answer.

■■ We cannot sustain this contention. In the first place, the trial court refers to a general demurrer in the judgment, and the presumption is that such demurrer was before him, but, if not, then we hold that, there having been no new cause of action asserted in the amended pleading, the original answer and the general demurrer therein contained were properly applied to the plaintiffs' amended petition. The answer replying to the original petition was not rendered of no effect by the filing of an amended petition; the cause of action not having been changed and a new cause asserted by said amended pleading. It was not obligatory to file another answer to the amended petition, and the defenses set up in the answer to the original petition could be urged without amendment to the amended petition. Byers et al. v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190, 191. See, also, El Paso Times Co. v. Fuller et al. (Tex. Civ. App.) 215 S. W. 113, 117.

The original answer containing the general demurrer, it was not improper for the court to consider same in passing upon the amended petition.

Believing that the original opinion was correct, we overrule the motion for rehearing.