STARNES v. WESTERN UNION TELE-GRAPH CO.

No. 3399.

Court of Civil Appeals of Texas. Amarillo.

April 16, 1930.

Rehearing Denied May 7, 1930.

Zeb A. Stewart, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, and Francis R. Stark, of New York City, for appellee.

HALL, C. J.

The appellant, Starnes, sued the appellee to recover damages for breach of a contract in failing to transmit correctly and deliver a message to Frank Fowzer, at Wink, Tex. The message is dated at Pampa, July 15, 1929, and is as follows: "Sheriff has truck in garage. Wants release from you. Nelson willing. Wire release and fees approximately Eight Dollars."

The suit was filed August 26, 1929. On October 2, 1929, plaintiff filed his first amended original petition, which recites in part as follows:

"That he withdraws from his original petition all allegations thereof for exemplary damages and withdraws his prayer for $1400.-00 damages in so far only as exemplary damages are claimed in his original petition; but plaintiff says that he is entitled to recover actual damages sustained as set out in his original petition for loss of time, expense, and loss of earnings and profits from being deprived of the use of said truck, as set out in his original petition, in the sum of $592.00, and that he is also entitled to recover as actual damages the further sum of $1,000.00 by reason of disappointment, humiliation, annoy-

ance, mental pain and anguish, as set out and complained of in his original petition, and also occasioned and brought about by reason of the negligence and carelessness of the defendant, as set out in his original petition, and that he is entitled to recover of defendant, altogether as his actual damages, exclusive of any claim for exemplary damages, the sum of $1,592.00."

The amended petition sets up no new cause of action, and the demurrer in the original answer was properly considered by the court as against the amendment without the necessity of filing an amended answer containing a rewritten demurrer, Byers v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190; Daniels v. Jones (Tex. Civ. App.) 224 S. W. 476, 477, holding that amending the petition did not destroy the original answer.

The amended petition further sets out the terms of a written contract with Fowzer, whereby he acquired the truck referred to in the telegram. He alleges that the contract was for sending and delivering the message as an intrastate transaction. The prayer is: "Wherefore, having amended, Plaintiff prays as in his original petition, and as hereby amended, and for judgment against Defendant for $1,592.00."

The defendant telegraph company is not mentioned in the petition except in the style of the case, and the date of the filing of the original petition is omitted from the amendment. The original petition is incorporated in the transcript, but no contention is made from which it would appear that it was a necessary instrument to be included therein.

The court sustained a general demurrer to the plaintiff's original petition, and within the time fixed by the court plaintiff filed the first amended original petition. The judgment recites that on the 14th day of November, 1929, when the case came on to be heard, the court sustained defendant's general demurrer to the amended petition. This recital is conclusive. Sanger v. First National Bank (Tex. Civ. App.) 170 S. W. 1087. Plaintiff declined to amend it, and judgment was rendered for defendant, dismissing the suit. From such judgment the plaintiff appeals.

A careful reading of the amended petition discloses that no cause of action is set out therein, when it is considered separate and apart from the allegations of the original petition. The plaintiff could not, by an amended pleading, adopt and incorporate by reference any of the allegations in the original petition. All necessary allegations must appear in the amendment; the rule being that an amended pleading must be tested by its own allegations, and it cannot be aided by reference to a superseded or abandoned pleading.

District and county court rule 14 provides that, unless the substituted instrument shall be set aside on exceptions for a departure in pleading or on some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court, in deciding upon the necessity of the amendment or otherwise in superseding it, be complained of and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

No exception was reserved by plaintiff to the action of the court in sustaining the general demurrer and special exceptions to the original petition. By amending the original petition, appellant waived the error, if any, committed by the court in sustaining the general demurrer to the original petition. Cornish v. Houston Terminal L. Co. (Tex. Civ. App.) 257 S. W. 575. No issue of limitation arose in the case, and this court cannot consider the allegations of the original petition in aid of the defective amended petition.

Rule 84 of the district and county court provides that in making a complete record all the proceedings in the case shall be entered in the order of time in which they occur, provided that amended pleadings shall take the place of those for which they are substituted and the pleading thus superseded (except such as are specified in rule 14), and those that are abandoned, as shown by an order or judgment of the court, shall be left out of the record.

The question presented here was discussed by this court in Rockhold v. Lucky Tiger Oil Co., 4 S.W.(2d) 1046, which announced the rule as above stated and now well established. City of Aransas Pass v. Usher (Tex. Civ. App.) 191 S. W. 157; American Indemnity Company v. Burrows Hardware Co. (Tex. Civ. App.) 191 S. W. 574; Smith v. Tipps (Tex. Civ. App.) 171 S. W. 816; Poon v. Miller (Tex. Civ. App.) 234 S. W. 573.

Numerous other propositions are urged in appellant's brief, which, in the main, are sound.

Appellee asserts that the amendment shows no cause of action against appellee in any capacity, either as a partnership, individual, or corporation; that it does not allege the terms of any contract by which the appellee bound itself to transmit and deliver the message for any consideration, nor is it specifically alleged that appellee has breached any contract which would render it liable; that it fails to show notice to appellee of the special damages claimed, which would result by reason of its failure to properly transmit and deliver the message, all of which defects would render the pleading subject to the exceptions urged against it.

The original opinion is withdrawn. Motion is overruled.

The court rendered a proper judgment, and it is therefore affirmed.