**James M. LYNCH, Appellant,**

v.

**Birgit KAMPS, Appellee.**

No. B14–90–0734–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1991.

Rehearing Denied Oct. 17, 1991.

JoAnn Storey, Thomas P. Sartwelle, Houston, for appellant.

Fritz Barnett, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is a suit for damages for an alleged sexual assault and battery. There is no appeal from the final judgment. Appellant complains only of error in the trial court's grant of the appellee's motion for sanctions for discovery abuses. Based on the fact that this is not an appeal from the final judgment, but rather an appeal from the court's sanctions order, we dismiss the appeal.

The appellant was sanctioned $5,000.00 for failure to appear at a court ordered deposition. The appellant paid the sanctions to the appellee and then filed a motion for reconsideration. Upon reconsideration the trial court reduced the sanctions to $1,000.00. Pursuant to the order appellee refunded to appellant $4,000.00. A settlement agreement was reached by the parties in this case prior to trial. The parties agreed to a final take-nothing judgment and signed a mutual release and covenant not to sue. The settlement consideration was paid to appellee and the agreed take-nothing judgment was rendered. The issue presented to this court is whether an appeal from court ordered sanctions will lie after settlement and entry of an agreed take-nothing judgment.

Texas Rules of Civil Procedure 215 2(b)(8) provides that court ordered sanctions for failure to comply with a discovery order is "subject to review on appeal from the final judgment." In this case the appellant is not appealing from the final judgment entered by agreement of the parties. The judgment contains no mention of the court's sanctions order. The appellant clearly states in his brief that this is an appeal from the trial court's order awarding attorney's fees to the appellee as sanctions. Based on the plain language of Rule 215 2(b)(8) this order is not subject to review by this court in this case.

In *Schein v. American Restaurant Group,* 794 S.W.2d 78 (Tex.App.—Fort Worth 1990, writ denied), the court of appeals dismissed an appeal from the trial court's sanction order stating, "We hold that a plaintiff who has taken a non-suit cannot complain on appeal of any sanctions granted by the trial before the non-suit." *See Cornish v. Houston Terminal Land Co.,* 257 S.W. 575, 578 (Tex.Civ.App.—Galveston 1923, no writ); *Levinski v. Williamson,* 15 Tex.Civ.App. 67, 38 S.W. 376 (1896, no writ); Tex.R.Civ.P. 162.

The appeal in the instant case is very similar to the appeal which was attempted in *Schein,* 794 S.W.2d 78. In this case the

appellant agreed to the settlement, signed the mutual release and covenant not to sue, and agreed to the take-nothing judgment. The appellant cannot now complain of the trial court's grant of sanctions.

Pursuant to TEX.R.APP.P. 84, appellee requests this court to award damages to her on the ground that appellant has taken this appeal for delay and without sufficient cause. Under this rule if this court determines that appellant has taken an appeal for delay and without sufficient cause, then the court *"may,* as part of its judgment...." make such an award. We decline to make such determination in this case and, therefore, overrule appellee's motion for sanctions under Rule 84.

The appeal is dismissed.