# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1852.

### Perry v. Herbert.

Where the averments of the answer are general, having no reference to time, place, or other circumstance to identify the particular transactions to which they relate, exceptions specially pointing out the uncertainty should be sustained.

Where a defendant has accumulated amendment upon amendment until his answer has become complicated and in a measure unintelligible, it seems that he may be required to plead anew to the merits.

*Quere?* As to a limit of the privilege to amend.

Appeal from Colorado. This was an action by the appellant against the appellee upon a promissory note made by the latter payable to one Ward. The note was for $3,543, was dated 1st January, 1845, and had on it a credit of $1,944, "on ac't of corn and cotton," dated 1st January, 1846.

In April, 1848, the defendant answered, alleging in general terms that the note was given in settlement of an account with the payee, Ward, for goods sold the defendant; that no account current was at the time furnished by Ward, but that he promised that all errors and mistakes, if any, should be corrected; that "there were sundry mistakes and mischarges in [2] the transactions had by him with said Ward," and "that he cannot more specifically state in what they consist until he can inspect Ward's books and accounts;" that he was entitled to a larger credit by $800 than that given on the note, for that he shipped to Ward so much more cotton, and that the note was transferred to the plaintiff after it became due. The averments of the answer were general, having no reference to time, place, or other circumstance to identify the particular transactions to which they related. The plaintiff excepted, specially pointing out wherein the answer was uncertain and insufficient.

On the 2d day of April, 1850, the defendant amended his answer, alleging that he paid Ward in cotton the sum of $500 "some time in the year 1844 and '45," but without stating whether or not it had been credited to him on the account; and he further stated that the plaintiff "is not the *bona fide* holder and purchaser of the note sued on, but the same is the property of Saml. Ward." On the next day (April 3d, 1850) the defendant filed an "amended answer," alleging that in the year 184– he delivered to Ward "a large quantity of baled cotton," and that Ward permitted it to become injured to the damage of the defendant $1,000. The plaintiff excepted to these amendments, pointing out, as before, their want of certainty and sufficiency. At the Fall Term, 1850, the court overruled the plaintiff's exceptions, and there was a verdict for the plaintiff for $540, which was set aside and a new trial granted.

On the 29th of October, 1850, the defendant again amended his answer, alleging that on the — day of ——, 18—, Ward agreed to sell to the plaintiff goods at 5 and 20 per cent. on prime cost, to ship his crop and apply the proceeds in payment, and also to receive his crop of corn of 6,000 bushels at 50 cts. per bushel; that the defendant delivered 146 bales of cotton, averaging 450 lbs. each, worth 10 cts. per pound, and 6,000 bushels of corn, from the — day of ——, 18—, to the — day of ——, 18—; that Ward charged for the goods at

1

Perry v. Herbert.

75 per cent. on cost, of which the defendant was ignorant when he gave his note. He reiterated the promises of Ward by his agent, that all mistakes should be corrected, &c., and stated that the latter promised to furnish his account, which he had failed to do, or to correct the mistakes, &c.; that —— dollars' worth of the cotton were not accounted for by Ward, and that he had suffered —— bales to be injured to the damage of the defendant —— dollars; that he owed Ward nothing at the date of the note, and that the latter fraudulently transferred it to the plaintiff; that he sold Ward 6,000 bushels of corn, which he cribbed and tendered on the — day of ——, 18—; that Ward refused to receive it and suffered it to be destroyed.

On the next day (October 30th, 1850) he filed a further amendment, reiterating. in general terms, his former averments as to the consideration of the note, the charge of mistake in the account, and the omission to credit the full amount of cotton, claiming a larger credit than that allowed for 6,000 bushels of corn at 50 cts. per bushel, and alleging that he is entitled to a credit of $1,500 above that allowed him, concluding by stating that the cotton was delivered to Ward in Matagorda, but omitting to state in what year or years, and further alleging that the same was sufficient to pay his entire indebtedness. The plaintiff excepted to these amendments for uncertainty, again pointing out wherein the want of certainty and sufficiency consisted. The court sustained the exceptions by its judgment at that term. At the Fall Term, 1851, the court appears to have again passed upon these exceptions, and to have sustained them to the "amended answer" filed on the 30th of October, 1850, "as to so much as relates to one hundred and forty-six bales of cotton, and overruled (them) as to the residue thereof." On the same day the defendant again amended, alleging that he delivered to Ward seventy-four bales of cotton worth $50 per bale in November, 1843, and fifty-two bales worth $75 per bale in 1844, and at another time not recollected twenty bales worth [4] $50 per bale, all of which was to be credited on his account for which the note was given, but without stating that it had not been so credited. To this amendment the plaintiff excepted, and his exceptions were overruled.

Verdict and judgment for the defendant. Motion for new trial overruled; a statement of facts.

*J. B. Jones*, for appellant.

*J. Rivers*, for appellee.

WHEELER, J. It is not deemed necessary to examine in detail the various pleas, exceptions, and rulings of the court presented by the record, or to investigate the merits of the case on the statement of facts before us.

There are manifest irregularities in the proceedings, which appear to have been occasioned, principally, by the manner in which the pleadings were conducted on the part of the defendant. His answer is to be found in detached parts, of various dates, consisting of amendments upon amendments, variant and inconsistent in their statements, at one time claiming to have been entitled to one credit, at another to a different one, and at another to have made full payment. The original and its several amendments are blank in dates, and are vague and uncertain in their several averments of the matters of fact on which the defendant sought to rest his defense.

It is not surprising that there should appear to be a want of entire consistency in the rulings of the court, at different times, on the sufficiency of these pleadings, or that, at one time, the same exceptions should have been sustained and at a subsequent time to have been overruled.

No one of the several pleadings filed by the defendant presents, within-itself, with anything like the requisite certainty and accuracy, facts which constitute a defense to the action. It is to be gathered from the various allegations of the defendant, made from time to time, that, if well pleaded and

## Mitchell v. Mims.

true, [5] he may have a good defense, in whole or in part. But that defense is not presented upon the record in a manner which can receive judicial sanction without a departure from everything like order, propriety, and consistency in pleading. Some regard to these must be observed in order to attain the ends of substantial justice.

There must be some limit to the privilege of amendment, some order observed in stating the party's case. The court is under no obligation to search through the papers in a cause in order to collect, here and there, the fragments or elements of his case which a party may have placed there at different times, through a series of years, to see whether enough can be collected and combined together to make out a good cause of action or ground of defense. It is the duty of parties, not of the court, to reduce to order and place in proper form on the record the facts on which they rely.

The court repeatedly ruled that the facts relied on must be stated with such certainty of time and place as to enable the opposite party to come prepared with his proofs. This has not been done in the present case. Under the averments of the answer the plaintiff might have been surprised with evidence of transactions settled years before those on account of which the note in suit was given had their origin. To meet any evidence which might have been given under the averments he must have been prepared with proofs to explain all the transactions which the defendants ever had with Ward at any time, however remote. The defendant had no right thus to embarrass the plaintiff's case. If he had a good defense it was certainly within his knowledge. If he could prove, he could certainly allege the facts with some degree of certainty. The pretense that he could not state in what the mistakes in the account consisted, for the reason that it had not been furnished him, appears to have been unfounded in fact, for he did produce the account, or a part of it, on the trial, and it was proved to have been delivered to him receipted.

The court ruled rightly in so far as the exceptions to the [6] answer were sustained, but erred in so far as they were overruled. That part of the answer in respect to which the exceptions were overruled appears to have been subject to the same objections as other portions of it. Those objections had been pointed out by repeated exceptions. Opportunities had been afforded from time to time to amend. The objections were not removed by the amendments, and the court erred in not sustaining the exceptions to the answer and its several amendments.

We deem it unnecessary to advert to the evidence embodied in the statement of facts further than to remark that it is by no means satisfactory, and there is reason to apprehend that injustice has been done upon the trial.

We are of opinion that the judgment be reversed and the cause remanded, with instructions that the exceptions to the answer and to its several amendments be sustained, and that the defendant have leave to plead anew to the merits. Ordered accordingly.

Judgment reversed.