HINKLEY v. BREWER et al.   (No. 7398.)

(Court of Civil Appeals of Texas.   San Antonio.   June 16, 1925.   Rehearing Denied June 26, 1925.)

1. Partnership ⬳3—Combining of property furnished in part by each partner not necessary.

A combining of property furnished in part by each of partners is not necessary to constitute partnership, but one may furnish all the capital, and even may continue to own all property, used by business.

2. Limitation of actions ⬳29(4)—Action between partners for accounting governed by four-year and not two-year statute.

Where pleadings and proof showed that suit in question was in nature of action by one partner against his copartner, for settlement of partnership account, such action is governed by four-year (Vernon's Sayles' Ann. Civ. St. 1914, art. 5688), and not two-year, statute of limitation.

3. Pleading ⬳264—All former pleadings superseded by last amended pleading.

All former pleadings in a case are superseded by last amended pleadings.

4. Judgment ⬳251(3)—Pleading ⬳264—Cross-action held abandoned by amendments, and judgment thereon was erroneous.

Where cross-action was set up in original and second amended answer, but not mentioned in third, fourth, and fifth amended answers, such cross-action was abandoned, and judgment in favor of cross-defendant on his cross-action was erroneous.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by W. B. Hinkley against H. C. Brewer and wife and Edmond Brewer. From the judgment rendered, plaintiff appeals. Reversed and remanded.

W. G. B. Morrison, of San Benito, and H. L. Yates and J. T. Canales, both of Brownsville, for appellant.

J. O. Prentiss and Spears & Montgomery, all of San Benito, for appellees.

FLY, C. J. This cause went to trial before the judge, without a jury, on a second amended original petition and a fifth amended original answer, besides several supplemental petitions and supplemental answers, and answer to cross-action. Appellant instituted the suit against H. C. Brewer and his wife, Almeda Brewer, and Edmond Brewer, a son of the two last named. The petition is quite voluminous, covering 20 typewritten pages of the transcript, and in addition there are eight or ten pages of supplemental petitions and answer to a cross-action for damages arising from a writ of sequestration applied for by appellant.

In the first prayer to the second amended petition, appellant sought to recover of H. C. Brewer $2,307.34, of all the defendants damages in the sum of $2,500 to cattle and other property, that the assets of a partnership have a lien fixed on them, that he recover of H. C. Brewer $1,000 damages to cattle, and that he recover title to 61 head of cattle and 1 mule converted by Edmond Brewer. In the second prayer, appellant asks only for judgment for debt against H. C. Brewer. There is considerable obscurity as to what is actually prayed for by appellant, but with the assistance of his statement of the case we have gleaned the foregoing from the pleadings. A jury was waived, and the court rendered judgment that appellant recover of H. C. Brewer the sum of $613.14, and that Edmond Brewer recover of appellant the sum of $2,785 actual damages and $500 exemplary damages arising out of sequestration proceedings.

The allegations of the petition make out a partnership as existing between appellant and H. C. Brewer. It was alleged that appellant owned several tracts of land known as the Hinkley farms, included therein being a tract of 80 acres, with improvements consisting of a brick dwelling, known as the "Dairy Place," with 300 acres of pasture land; that said Brewer and appellant entered into an agreement by which Brewer was given possession of the dairy place and pasture, together with 41 milk cows and other personal property, and then with much detail was alleged all the different matters agreed upon between the parties; and that it was further agreed that all products were to be marketed in the name of Hinkley and Brewer, and the proceeds equally divided between them. The facts alleged show a partnership rather than the relation of landlord and tenant. In another count of the petition, it is directly alleged that a partnership was formed between the parties, and the suit assumed the character of an accounting between the partners. The facts alleged would have made each one of the parties liable for the debts incurred for the purposes of the agreement.

[1, 2] An agreement, as alleged, to purchase milk cows to carry on a dairy business, each to pay one-half of the purchase price of the cows, each to pay one-half for food and care, and each to receive one-half of the net earnings, showed a partnership. To constitute a partnership, it is not necessary that there should be a combining of property furnished in part by each of the partners; for one may furnish all the capital, and even may continue to own all the property, used by the business. 20 R. C. L. § 38, and numerous authorities cited in the footnotes. Not only did the pleadings show a partnership but the testimony tended to show it. The court erred in sustaining the first, second, third, and fourth special exceptions in the fifth amended answer on which the cause

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was tried. The pleadings and proof showed a partnership, and limitation of two years did not apply as to actions by one partner against his copartner for a settlement of the partnership accounts, and such actions are not barred until the expiration of four years after the cause of action shall have accrued. Vernon's Sayles' Tex. Civ. Stats. art. 5688. Whatever may have been the relation of the parties to each other at the inception of their association, after the purchase of the dairy cattle a partnership pure and simple was established.

[3, 4] The trial took place under the second amended petition and the fifth amended answer, and under the rules of pleading all former pleadings were superseded by the last amended pleadings. That answer stated:

"Now come the defendants in the above numbered and entitled cause, by their attorneys, and file this their fifth amended original answer, in lieu of their fourth amended original answer, filed herein November 10, 1924, and for amendment say," etc.

That answer was filed by all the appellees, and yet the court decreed that Edmond Brewer recover of appellant, on his cross-action, the sum of $2,785 actual and $500 exemplary damages for the issuance of the sequestration writ. The cross-action was set up in the original answer, and the second amended answer was not mentioned in the third, fourth, and fifth amended answers. The cross-action was abandoned. The plea in reconvention of Edmond Brewer was never renewed in the last three amendments, and Edmond Brewer joined in all of them as a defendant. The last answer was the pleading of all the defendants, and the prayer is:

"Wherefore the defendants pray that they have judgment against plaintiff for such sums as may be found owing by him to defendants or any of them."

For the reasons given, the judgment is reversed, and the cause remanded.