## A. L. WOLFF & CO. v. MISSOURI, K. & T. RY. CO. et al. (No. 720–4642.)

(Commission of Appeals of Texas, Section B. Jan. 12, 1927.)

1. **Carriers ⊳24—Contract for international transportation of cotton is controlled by principles of common law limiting carrier's liability.**

Contract for transportation of cotton from Dallas, Tex., to Manchester, England, is not controlled by federal or state statutes limiting carrier's liability, but by principles of common law.

2. **Carriers ⊳180(1)—Provision that carrier of international cotton shipment is not liable for loss beyond its control or beyond its line, and limiting liability for delay, held valid.**

Provision in bill of lading that carrier is not liable for loss for cause beyond its control or beyond its line, and limiting liability for delay, held valid in contract for transportation of cotton from Dallas, Tex., to Manchester, England.

3. **Appeal and error ⊳171(1) — Reviewing court must consider case on same theory on which it was pleaded and tried.**

Reviewing court must consider case on same theory on which it was pleaded and tried, notwithstanding alternative allegation in plaintiff's pleading which received no further consideration.

4. **Carriers ⊳180(3)—Wharf company, having delivered international cotton shipment to next carrier, held not liable under bill of lading for destruction by fire caused by its negligence.**

Wharf company held not liable for destruction of cotton shipment from Dallas, Tex., to Manchester, England, by fire caused by its neg-

ligence, where it had delivered property to next carrier, and bill of lading provided that carrier was not liable after property was ready for delivery to next carrier, since there can be no actionable negligence, in absence of breach of legal duty.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Sidney E. Wolff and another, copartners in trade under the firm name and style of A. L. Wolff & Co., against the Missouri, Kansas & Texas Railway Company and others. Judgment for defendants was reversed, and the cause remanded as to defendant United States Shipping Board Emergency Fleet Corporation, and otherwise affirmed (283 S. W. 250), and plaintiff and defendant Fleet Corporation bring error. Affirmed.

Etheridge, McCormick & Bromberg and Paul Carrington, all of Dallas, for plaintiff in error.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Asst. U. S. Atty., both of Fort Worth, and Edw. F. Henriques, Asst. U. S. Atty., of New Orleans, La., for Shipping Board.

Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for defendants in error.

SPEER, J. The following brief statement by the Court of Civil Appeals is sufficient for the purposes of this opinion:

"Sidney E. Wolff and Alvin A. Wolff, copartners in trade under the firm name and style of A. L. Wolff & Co., plaintiffs in error, brought this suit against defendants in error, Missouri, Kansas & Texas Railway Company of Texas, a corporation, C. E. Schaff, receiver of and for said railway corporation, Galveston Wharf Company, a corporation, and United States Shipping Board Emergency Fleet Corporation, a corporation, alleging that the plaintiffs had delivered to the defendant Schaff, as receiver of said railway company, at Dallas, on or about August 31, 1920, 15 bales of cotton for transportation to Manchester, England, then obtaining a through bill of lading to their order for the carriage by the defendants of such cotton; that the defendants did not safely transport and deliver the cotton as they had each contracted to do as connecting carriers and as agents, respectively, for each other, but, on the contrary, wholly failed so to do, the cotton being destroyed by fire at Galveston, Tex., while in the custody, control, and possession of all the defendants as connecting common carriers and as agents for each other on or about September 30, 1920; that, after such fire, defendants salvaged as much as possible, realizing, however, from the plaintiffs' cotton the sum of only $34.50, which sum they paid to plaintiffs, whereby defendants became liable to plaintiffs for the value of the cotton destroyed, less the amount of salvage paid to plaintiffs, but had wholly failed and refused to pay plaintiffs, to their damage in the sum of $3,750. * * *

"In the alternative, plaintiffs alleged that, if the defendants are not otherwise liable, and as to each defendant they should be held not otherwise liable, the negligence of the defendants, and each of them, was the proximate cause of the destruction of the cotton by fire."

[1, 2] The trial court instructed a verdict for the defendants, upon which it entered judgment, and the Court of Civil Appeals reversed and remanded the cause as to the Fleet Corporation, but otherwise affirmed the judgment. 283 S. W. 250. The writ was granted because the Supreme Court was not satisfied that the wharf company was entitled to a directed verdict, and desired to look further into this feature of the case. The application of the United States Shipping Board Emergency Fleet Corporation was granted as of course upon granting the application of A. L. Wolff & Co. We have carefully examined all questions presented in both applications, and are of the opinion the Court of Civil Appeals has correctly decided them. We agree fully with the decision of that court that the contract for transportation from Dallas to Manchester, England, is not controlled either by the federal or state statutes forbidding the limitation of liability by the carrier, but rather is controlled by the principles of the common law. So that the limitations contained in the bill of lading are both lawful and binding. They are:

"(1) No carrier or any party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto by cause beyond its control or by floods or by fire.

"(2) No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee.

"(3) No carrier shall be liable for delay nor in any other respect than as warehouseman while the said property awaits further conveyance.

"(4) This contract is executed and accomplished and all liability hereunder terminates on the delivery of the said property to the steamer or master, agent or servants, or to the steamship company or on the steamer pier at the said port."

The cotton having been destroyed by fire, under the terms of the bill of lading no carrier is liable for the loss, except, of course, it be negligent in respect to the fire.

[3, 4] The plaintiff's pleadings, anticipating such a situation, allege in the alternative that each defendant carrier was negligent in this respect, and accordingly sought a recovery. A careful examination of the pleadings, however, will disclose that the whole suit was predicated upon the shipping contract, as against each and all of the defendants as carriers thereunder, and in no respect did they seek a recovery against

any of such defendants in any other capacity or respect other than as a carrier, party to such a shipping contract. This is the case pleaded, tried, and the one that must be decided here. As to the defendant in error, the wharf company, there is abundant allegation of negligence, supported by sufficient proof to carry the issue to the jury, as to its negligence proximately causing the fire. But the undisputed fact is that the fire occurred after the wharf company had delivered the consignment to the proper next carrier and received its receipt therefor. The negligence of the wharf company, therefore, even though it resulted in the fire, did not proximately cause the loss to plaintiffs in error, and no recovery can be had in this suit against it upon any such theory. We will bear in mind the negligence alleged is that of the wharf company, a carrier under the shipping contract. Under the terms of the limitations which we have held to be valid, no carrier is liable for loss or damage after the property is ready for delivery to the next carrier, and, the cotton having been actually delivered to the next carrier, and having thus passed out of the control of the wharf company, its duty to the plaintiff in error had been fully performed. There can be no such thing as actionable negligence, in the absence of a breach of a legal duty.

We think all questions have been rightly disposed of by the Court of Civil Appeals, and recommend that its judgment be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommeded by the Commission of Appeals.