**ROCKHOLD et al. v. LUCKY TIGER OIL CO. et al.   (No. 2919.) ***

Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1927.

Rehearing Denied Jan. 4, 1928.

1. Pleading ⬦251—Amended pleading should identify pleading which it substitutes by giving date of filing and of original pleading, or be subject to special exception (District and County Court Rules 3-13).

Under District and County Court Rules 3-13, requiring original pleadings to show respective positions in process of pleading, and requiring amendments and supplemental pleadings to show instrument amended or supplemented, amended pleading should identify pleading for which it is a substitute by giving date of its filing and date of original pleading, and failure in this particular renders pleading subject to special exception.

2. Pleading ⬦241—Trial judge must see that amended pleadings give dates and descriptions of pleadings superseded (District and County Court Rules 3-13).

It is the duty of the trial judge to see that all amended pleadings give dates and descriptions of pleadings which they supersede, as required by District and County Court Rules 3-13.

3. Pleading ⬦286—Trial court should have required parties to replead where transcript included abandoned pleadings, omitted amendment to pleading, and disregarded rules for preparing transcript (District and County Court Rules 2, 84, 85, 88, 89).

Where transcript included several abandoned pleadings and omitted greater part of amendment to one pleading, contained no order permitting filing of pleadings or action by court on numerous exceptions to pleadings filed and prepared in disregard of District and County Court rules 84, 85, 88, 89, requiring pleadings to be incorporated in chronological order, clerk to note name and date of proceedings and number of pages of transcript, trial court should have ordered all parties to replead, under Rule 2.

4. Pleading ⬦4—Plaintiffs' original answer to defendants' answer and cross-petition should have been styled "plaintiffs' first supplemental petition" (District and County Court Rule 3).

Under District and County Court Rule 3, original answer by plaintiffs to first amended original answer and cross-petition of defendants, containing general demurrer, plea of not guilty to cross-action, and general denial, should have been styled "plaintiffs' first supplemental petition."

5. Pleading ⬦251—Allegations in original petition could not be incorporated by reference in amended pleading, which must be tested by own allegations without reference to abandoned pleadings.

Allegations in pleading, if considered as an amended original pleading, could not adopt and incorporate by reference any allegations in original petition; but such allegations should be specifically made in amended pleading, which must be tested by own allegations without reference to abandoned pleadings.

6. Pleading ⬦4—Plaintiffs' first amended original answer to defendants' cross-action should have been styled "plaintiffs' second supplemental petition" (District and County Court Rule 3).

Under District and County Court Rule 3, plaintiffs' first amended original answer to defendants' cross-action as set up in their first amended original answer and cross-petition, containing general demurrer, plea of not guilty, general denial, and plea of limitations, should have been styled "plaintiffs' second supplemental petition."

7. Pleading ⬦229—"Amended pleading" is intended to add or withdraw from previous pleading, to perfect deficient pleading (District and County Court Rules 8, 12).

Under District and County Court Rules 8 and 12, office of an "amended pleading," as contradistinguished from a "supplemental pleading," is to add something to or withdraw something from that which has been previously pleaded, so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by party making amendment.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Amended and Supplemental Pleading.]

8. Pleading ⬦162—"Supplemental pleading" is intended to allege new facts in reply to allegations by opposite party (District and County Court Rules 8, 12).

Under District and County Court Rules 8, 12, office of "supplemental pleading" is to allege new facts not before alleged by pleader, in reply to allegations by opposite party in last preceding pleading filed by opposite party.

9. Appeal and error ⬦714(5)—Appellate court must decide questions submitted from record not challenged or corrected, and should not be required to depend on conflicting statements in briefs and arguments.

Court of Civil Appeals should not be required to depend on conflicting statements in briefs and oral arguments to determine what issues were in trial court, but must decide questions submitted from record before it when that record has not been properly challenged, amended, or corrected.

10. Appeal and error ⬦648—Record containing instruments improperly inserted must be corrected in trial court unless appellate court can determine error from record.

If record filed with Court of Civil Appeals contains instruments which should not be properly inserted therein, correction must be made

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed.

in trial court, unless record itself contains something from which appellate court can determine such fact; but inaccuracies in the transcript cannot be corrected after the cause has been submitted.

**11. Appeal and error ⬅➡837(4)—Pleading not stricken in trial court, and permitted to stay until judgment, must be considered, regardless of what it is called.**

If pleading has not been stricken on exceptions urged in trial court, and is permitted to stay in case until judgment, it must be considered for all that it means, regardless of what it may be called.

**12. Appeal and error ⬅➡837(4)—Appellate court must determine questions presented in light of issues tendered by pleading shown in transcript, not challenged or amended (Rev. St. 1925, art. 2278; Court of Civil Appeals Rule 22).**

Where defendants in error did not file transcript of their own, as they had right to do under Rev. St. 1925, art. 2278, and transcript filed contained pleadings that should not have been included, but transcript was not challenged or corrected as required by Court of Civil Appeals Rule 22, Court of Civil Appeals must determine questions presented in light of issues tendered by pleading shown in transcript, except for pleadings superseded.

**13. Appeal and error ⬅➡837(4)—Amended pleading, making original petition part thereof by reference, not stricken on exception, should be considered on appeal.**

Amended pleading filed by plaintiff, which by reference makes original petition part thereof, should be considered on appeal, where such pleading was not stricken on exception.

**14. Appeal and error ⬅➡837(4)—Pleadings filed day of trial, containing matters pleadable by amendment and supplement, not excepted to nor stricken on motion, should be considered on appeal.**

Pleadings filed on day of trial, containing matters properly pleadable by amendment and supplement, should be considered on appeal, where pleadings were not excepted to nor stricken on motion.

**15. Quieting title ⬅➡43—Pleadings in action to quiet title held to show that plaintiffs claiming under husband presented issue that husband claimed land as separate property.**

In action to quiet title to land claimed by defendants as heirs of wife entitled to community interest in property, pleadings *held* to show that plaintiffs tendered issue that husband, under whom plaintiffs claimed, had claimed land as separate property and sold it as separate owner.

**16. Quieting title ⬅➡43—Cross-action of trespass to try title held not to eliminate plaintiffs' plea, in action to quiet title, that husband under whom they claimed was separate owner.**

In action to quiet title to land claimed by defendants as heirs of wife entitled to community interest in property, and by plaintiffs under husband claimed to have sold property as separate owner, cross-action by defendants of trespass to try title did not eliminate issue whether husband sold property as separate owner, since cross-action did not change attitude of parties at trial.

**17. Quieting title ⬅➡52—Judgment for several plaintiffs as to all land claimed held insufficient for failure to decree to each of plaintiffs several tracts to which they were entitled.**

In action to quiet title to land, in which defendants filed cross-action of trespass to try title and prayed for partition, judgment for plaintiffs as to all land described was insufficient on its face as failing to decree to each of plaintiffs several tracts which leases showed they were entitled to, since judgment must describe each portion to be recovered by several parties litigant.

**18. Appeal and error ⬅➡171(3)—Action to quiet title, tried on theory that plaintiffs' grantor claimed separate ownership, must be tried on same theory on appeal.**

Where action to quiet title was tried in trial court on theory that plaintiffs were entitled to recover as vendees of husband who owned land in own separate right, case must be determined on same theory in Court of Civil Appeals.

**19. Appeal and error ⬅➡882(3)—Party must recover in same capacity and on same cause of action on appeal as urged in trial court.**

Party may not try case on one theory in trial court and recover on inconsistent theory in Court of Civil Appeals, but must recover in capacity and on cause of action urged in trial court.

**20. Judgment ⬅➡244, 250—Judgment for party in different capacity or on different cause of action than stated in pleadings, though supported by evidence, is improper.**

Judgment rendered for party in different capacity or on different cause of action than stated in pleadings, although supported by evidence, is improper.

**21. Husband and wife ⬅➡262(1)—Land acquired by husband after marriage, under deed not reciting that property was his separate property, is presumptively community property.**

Where husband acquired land after marriage by deed which contained no recitation showing that it was his separate property, land is presumptively community property, in which heirs of wife would inherit her interest.

**22. Quieting title ⬅➡47(1)—Directed verdict, quieting title for plaintiffs claiming under husband as separate owner, held error under evidence raising presumption of community property.**

In action to quiet title to property claimed by plaintiffs under husband selling land as separate property, and claimed by defendants as heirs of wife having community interest in property, directed verdict for plaintiffs was error, where evidence raised presumption that property purchased by husband after marriage was community property, and no evidence was introduced to show that husband paid for property out of separate funds but borrowed money dur-

ing community relation to make final payment on property.

**23. Estoppel** ⊚⟶3(2)—**Plaintiffs seeking to quiet title, repeatedly asserting title under husband as separate owner, could not claim under husband as survivor of community despite defendants' cross-action of trespass to try title (Rev. St. 1925, arts. 2040, 2041).**

In action under Rev. St. 1925, arts. 2040, 2041, to quiet title to land claimed by defendants as heirs of wife having community interest in property, in which plaintiffs pleaded title resting on separate estate of husband at time of conveyance, plaintiffs, though considered as defendants in defendants' cross-action in trespass to try title, were still confined to title and defenses pleaded by them, especially where plaintiffs repeatedly asserted title under sale by husband as separate owner, and not as survivor of community, precluding their recovery on ground that husband had right to sell for payment of community debts, which issue was not in case.

**24. Quieting title** ⊚⟶43—**Plaintiffs seeking to quiet title, not pleading bona fide purchase, could not show they were such purchasers by pleading not guilty to defendants' cross-action in trespass to try title (Rev. St. 1925, art. 7373).**

In action to quiet title to land claimed by plaintiffs under sale by husband as separate owner, and claimed by defendants as heirs of wife having community interest in property, plaintiffs by pleading not guilty to defendants' cross-action in trespass to try title *held* not entitled to show that they were bona fide purchasers of land under Rev. St. 1925, art. 7373, where plaintiffs did not plead bona fide purchase.

**25. Pleading** ⊚⟶380—**Party basing right to recover or defense on good faith must allege good faith before he can prove it.**

Generally, party who bases right to recover or defense on good faith must allege it before he will be permitted to prove good faith.

**26. Action** ⊚⟶36—**Character of action is determined from complaint and is not changed by answer or reply.**

Generally, character or form of action is determined from complaint, and is not changed by nature of defendant's answer or defense, or by plaintiff's reply.

**27. Action** ⊚⟶36—**Action to quiet title, in which defendants filed cross-action of trespass to try title, remained action to quiet title as to plaintiffs.**

Where plaintiffs sued to quiet title, and defendants set up cross-action of trespass to try title, though action as to defendants was partly a suit in trespass to try title, nevertheless as to plaintiffs it remained one to quiet title.

**28. Quieting title** ⊚⟶44(1)—**Defendants filing cross-action to plaintiffs' action to quiet title were not required to prove any fact until plaintiffs made out prima facie case.**

In action to quiet title, in which defendants filed a cross-action of trespass to try title, defendants were not required to prove any fact until plaintiffs made out prima facie case, under their pleadings, entitling them to judgment.

**29. Appeal and error** ⊚⟶927(7)—**Evidence on issues presented by plaintiffs, for whom verdict was directed, must be considered in light most favorable to defendants.**

Where court directed verdict for plaintiffs, evidence on issues presented by plaintiffs must be considered on appeal in light most favorable to defendants.

**30. Appeal and error** ⊚⟶927(7)—**Appellate court cannot presume that trial court based peremptory instruction for plaintiffs on any phase of defendants' case, where plaintiffs failed to make prima facie case.**

Where plaintiffs failed to make out prima facie case in action to quiet title, Court of Civil Appeals cannot presume that court based peremptory instruction for plaintiffs on any phase of defendants' case.

Error from District Court, Moore County; Reese Tatum, Judge.

Action by the Lucky Tiger Oil Company and others against Rachael J. Rockhold and others, in which defendants filed a cross-action. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

K. C. Barkley, of Houston, W. S. Parker, of Amarillo, V. R. McGinnis, of Leon, Iowa, and Cooper & Lumpkin, of Amarillo, for plaintiffs in error.

Underwood, Johnson, Dooley & Simpson, Madden, Adkins & Pipkin and Vance Huff, all of Amarillo, Tatum & Strong, of Dalhart, Williams & Martin, of Plainview, Koerner, Fahey & Young, of St. Louis, Mo., and Robert D. Hawley, of Ft. Collins, Colo., for defendants in error.

HALL, C. J. [1, 2] In their briefs, the parties are unable to agree as to what constitutes a correct statement of the nature and result of this suit. This is due to the fact that there is much confusion in the preparation of the transcript, and the further fact that both parties have utterly disregarded District and County Court Rules 3–13, inclusive, in the preparation of their original pleadings as well as in the amended and supplemental pleadings. Said rules provide that original pleadings shall be indorsed, so as to show their respective positions in the process of pleading, and that in filing amendments and supplements to original pleadings, they shall point out the instrument with its date sought to be amended, or the pleading to which the supplement is a reply. An amended pleading should identify the pleading for which it is a substitute, by giving the date of its filing and especially the date of the original pleading, and a failure in this particular renders it subject to a special exception. Ward v. Hinkle (Tex. Civ. App.) 252 S. W. 236; Hink-

ley v. Brewer (Tex. Civ. App.) 274 S. W. 227; Demetri v. McCoy (Tex. Civ. App.) 145 S. W. 293; and it is the duty of the trial judge to see that all amended pleadings give the dates and descriptions of the pleadings which they supersede. Lewis v. Alexander, 51 Tex. 578.

The failure upon the part of all the parties to observe these rules has resulted in much confusion in briefing the case and has entailed considerable extra labor upon this court in an effort to outline the issues upon which the case was tried and to make a correct statement of the nature and result of the suit. The original transcript includes several abandoned pleadings and omits the greater part of an amendment to one of them, which has subsequently been brought up by a certiorari to perfect the record.

[3] The transcript shows that this is a case where the trial court should have ordered all parties to replead. District and County Court Rule 2; Perry v. Herbert, 8 Tex. 1; Harrell v. Houston, 66 Tex. 278, 17 S. W. 731; Dutton v. Norton, 1 White & W. Civ. Cas. Ct. App. § 360.

The suit was filed June 7, 1926, by the Lucky Tiger Oil Company against C. H. Brewer (also spelled Breuer) and his wife, Rachael J. Brewer (who was formerly Mrs. Rachael J. Wasson), and numerous other defendants, some of them alleged to be the legal representatives of these defendants, some the unknown heirs of Brewer, being children of his first wife, and others the unknown heirs of Mrs. Rachael J. Brewer by her first husband.

The cause of action, as shown by the original petition, is to remove the cloud from and quiet plaintiff's title to four sections of land in Moore county, in which plaintiff specially pleads its chain of title. The transcript also contains a pleading filed July 19, 1926, by the plaintiff in error Rachael J. Rockhold, a daughter of Mrs. Rachael J. (Wasson) Brewer, joined by numerous other children, grandchildren, and greatgrandchildren of Mrs. Brewer. This is alleged to be their answer to plaintiff's petition, and by cross-action in form of trespass to try title they sought to recover the said lands and premises from the Lucky Tiger Oil Company, H. C. Poe, Roxana Petroleum Corporation, Union Oil Company, R. M. Davis, and C. H. Brewer. This pleading consists of a general demurrer to the petition, and a plea of not guilty, and as shown by the amended transcript, brought up by a certiorari, the defendants, by cross-action in form of trespass to try title, seek to recover the land, together with $50,000 damages.

On November 23, 1926, plaintiffs in error, Mrs. Rockhold and the other heirs and legal representatives of Mrs. Rachael J. (Wasson) Brewer, filed "their second amended original answer and cross-action in lieu of their original answer and first amended answer and cross-action heretofore filed herein." This reference is the only thing in the transcript

which indicates that a first amended answer and cross-action had been previously filed, and we assume that this pleading was evidently their first amended original answer and cross-action and superseded the original filed by them July 19, 1926. This amendment consists of a general demurrer, a general denial, and special denials of the facts alleged by the defendants in error that they are the owners of all the lands. The allegation is that these defendants are the owners in fee simple of an undivided half interest in the lands described in the petition. They deny that C. H. Brewer acquired the property in his own separate right and as his own separate estate, and assert that it is the community property of said Brewer and his wife, Rachael J. (Wasson) Brewer, and that the one-half interest of Mrs. Brewer, upon her death, vested in these defendants, who are her heirs at law and legal representatives. This is followed by a plea of not guilty. By a separate count, the defendants plead over against the Lucky Tiger Oil Company, H. C. Poe, its president, the Roxana Petroleum Company, the Union Oil Company, R. M. Davis of Swisher county, and C. H. Brewer of Wayne county, Iowa, in form of trespass to try title for the land involved, and to recover $50,000 damages, and pray for partition of the four sections of land and writ of restitution.

[4] On January 24, 1927, the Lucky Tiger Oil Company, Union Oil Company, and H. C. Poe filed "this our original answer to the first amended original answer and cross-petition of the above-named defendants"—Rachael J. Rockhold et al. being the defendants referred to. The Union Oil Company and Poe having allied themselves with the Lucky Tiger Oil Company, the original plaintiff, this pleading should have been styled "plaintiffs' first supplemental petition." District and County Court Rule 3; Towne's Texas Pleading (2d Ed.) 379. This pleading consists of a general demurrer and a plea of not guilty to the cross-action of Mrs. Rockhold et al., a general denial, and by way of reply to the cross-action of the defendants, they adopt "all allegations set out in the original petition filed in this cause against the above-named defendants by the defendant in the cross-petition, the Lucky Tiger Oil Company, being plaintiff in the original suit, and without repeating the allegations contained in the original petition filed by the Lucky Tiger Oil Company, these three defendants in said cross-petition plead the same chain of title set out therein and say that the fee-simple title to the four sections of land described in said original petition and in the cross-petition of the above-named defendants is vested in the Lucky Tiger Oil Company, and these three defendants adopt said original petition as part of their answer to the cross-petition of the above-named defendants."

[5] If this pleading is an amended original

pleading, it could not adopt and incorporate by reference any of the allegations in the original petition, but such allegations should be specifically made in the amendment; the rule being that an amended pleading must be tested by its own allegations, and that no reference to abandoned pleadings can aid it. City of Aransas Pass v. Usher (Tex. Civ. App.) 191 S. W. 157; American Indemnity Co. v. Burrows Hardware Co. (Tex. Civ. App.) 191 S. W. 574; Poon v. Miller (Tex. Civ. App.) 234 S. W. 573. No exceptions were filed or urged to this pleading on this account. The pleading further alleges that Mrs. Rockhold et al. are not entitled to any interest in the four sections of land in controversy, as the heirs of Rachael J. (Wasson) Brewer and her first husband, for the reason that said land was the separate property of C. H. Brewer, who, following the death of his first wife, about the year 1902, in the state of Iowa, married Rachael J. Wasson, now deceased; that at the time Brewer married Mrs. Wasson she was wholly without property of any kind or character; that Brewer had previously acquired a large amount of property situated in the states of Iowa and North and South Dakota, all of which, according to the laws of Texas, was his separate property at the time he married Rachael J. Wasson in the State of Iowa; that after their marriage, Brewer and his then wife, Rachael J. Wasson Brewer, made a temporary visit to the Panhandle of Texas, in about the year 1906, and while here the said Brewer, with his own separate means, purchased the four sections of land involved in this suit from J. W. Crudgington, for a total consideration of $7,600, $4,000 of which was paid to Crudgington in cash by Brewer, out of his separate funds, and that the remaining $3,600 was evidenced by Brewer's assumption of notes against the land in that amount, owing by Crudgington; that in the month of August or September, 1906, Brewer paid off said notes out of his own separate property and estate owned by him prior to his marriage to Rachael J. Wasson, and out of the proceeds of a mortgage which he gave to secure a loan in 1906, upon separate property owned by him prior to the time of his marriage, which property was situated in the state of Iowa.

It is further alleged that prior to the date of their marriage, C. H. Brewer and Mrs. Rachael J. Wasson entered into a written contract, in consideration of marriage, which recites that "Whereas, both of said parties have property and each have children of former marriages, and both parties desire to arrange their property rights before the marriage is entered into," that in the event said parties are married and of the death of Brewer, then the said Rachael J. Wasson agrees to accept, in lieu of her distributive share of Brewer's separate property, the sum of $1,000, said sum to be in full of her distributive share, alimony, or allowance from his estate

"by reason of the marriage relation and the law." It was further stipulated that should the said Rachael J. Wasson predecease the said Brewer, he should have no greater claim in and to her property than $1,000, which sum he would accept in full of all claims he might have in and to her property "by reason of said marriage relation and the law." It was further stipulated that in addition to the $1,000, the said Rachael J. Wasson should have the use and control of the house, orchard, and garden, and a reasonable support for one year after the death of said Brewer, at the expiration of which time she would vacate and surrender the possession of the house. It is alleged that this contract was valid, under the laws of Iowa, where the parties lived and where it was executed; that neither of said parties have ever lived in Texas or been domiciled there, and that by virtue of said antenuptial contract, had she outlived the said Brewer, her rights would have been limited to $1,000 and one year's support, but having predeceased Brewer, all rights in and to his property, whether separate or community, had absolutely lapsed, and that her heirs, the cross-petitioners, by reason of that fact, could claim no interest in any of the separate property of said Brewer, part of which is represented by the land in controversy. This pleading further sets up the Statutes of Limitation of Three and Five Years.

It is further alleged that Rachael J. (Wasson) Brewer died in the year 1917 in the state of Iowa; and under the laws of said state, a certificate of her death was required to be filed, showing that there were no probate proceedings had with reference to her estate, because she owned no property at the time of her death, which said certificate was filed, and that for nine years the defendants have stood idly by, asserting no claim to any portion of the lands in controversy, but have permitted Brewer and his assignees, these cross-defendants, to continue to use, enjoy, and hold the lands in question in absolute, exclusive, adverse possession and pay taxes thereon, and under title and color of title, by deeds duly recorded, by reason of which the claims of cross-petitioners are barred by laches.

The court appointed an attorney at Dalhart as guardian ad litem for such of the defendants as had been cited by publication and had not appeared, and he answered for them by general demurrer and pleaded the general issue.

[6] On February 2, 1927, the Lucky Tiger Oil Company, Union Oil Company, Roxana Petroleum Corporation. C. H. Brewer, and R. M. Davis filed "their first amended original answer to said cross-action of the said H. F. Wasson et al., as set up in their first amended original answer and cross-petition." This pleading should have been styled "plaintiffs' second supplemental petition." District and County Court Rule 3. Just what previous pleading this instrument amends is not stat-

ed. It consists of a general demurrer, plea of not guilty, and a general denial, pleads the Three, Five, and Ten Year Statutes of Limitation (Rev. St. 1925, arts. 5507, 5509, 5510), and contains a plea of stale demand and laches, and prays that the cross-petitioners take nothing by their suit, and that these parties go hence without day, and that they be confirmed in their respective titles now of record.

On February 2d (presumably in the year 1927, because the year is not stated in the file mark), the Lucky Tiger Oil Company, Union Oil Company, Roxana Petroleum Corporation, and R. M. Davis, Jr., filed "their first supplemental answer in reply to the supplemental cross-petition heretofore filed in this cause by the said H. F. Wasson et al., as cross-petitioners." This pleading contains no demurrers or exceptions of any kind, but consists of a general denial, and specially pleads that under the laws of the state of Iowa, where Brewer and his wife were domiciled, at the time of their marriage, and where they continued to live until the death of Mrs. Brewer, all property acquired by the husband during marriage or by joint efforts of husband and wife, during the marriage, became, in virtue of the laws of Iowa, the separate property of the husband. It is further alleged that the defendants were not entitled to recover because of the antenuptial contract which is set out in the pleading in hæc verba, and according to its legal effect.

On the same day, the defendants, Mrs. Rachael J. Rockhold et al., filed what is styled "first supplemental answer and first supplemental cross-petition of the defendants, in reply to the original answer of H. C. Poe, the Lucky Tiger Oil Company, Union Oil Company, et al." This pleading contains first a general demurrer followed by special exceptions to the pleas of limitation of three, five, and ten years, and to the plea of laches and stale demand. It also contains special exceptions to the plea setting up the laws of Iowa and the antenuptial contract, asserting that the laws of Texas and not the laws of Iowa govern the rights of the parties. There is also a general denial, a plea of not guilty, and it is specially alleged that the antenuptial agreement is not complete, in itself, and is not sufficient, under the statutes of Iowa, to constitute a valid agreement affecting the title to real property or the dower rights of Mrs. Brewer, and that under the laws and decisions of that state, parol evidence would not be admissible in support of said contract, and that, as pleaded, the contract would be a nullity under the laws of said state. The pleading also contains a special denial of the allegations that the lands in question constituted Brewer's separate property and asserts that Mrs. Brewer, at the time of the sales thereof and of the execution of the mortgages affecting the same, was possessed of a valuable dower right therein to the extent of one-third

in value of all the legal and equitable estate possessed by her husband in said real property at the time of their marriage, and that her expectancy and the value of her rights "constituted a contribution to the purchase price of the land herein, if the money received therefrom or any part thereof was paid on the purchase price thereof."

They further allege that the antenuptial agreement was, under the laws of the state of Iowa, void and without force and effect. In another paragraph, it is alleged that Mrs. Brewer was possessed of an estate when she married C. H. Brewer, consisting of cash and other property, which he used during their married life in payment of community expenses and for the acquisition of property generally; that after their marriage, she worked upon the farm with him and contributed by her labor, to his accumulations; that she came with him to Texas, where they lived and became domiciled, and that she gave him the companionship and care which a wife should give to her husband, and that under the laws of this state, while Brewer was the active manager of their property, she was, under said laws, entitled to an undivided one-half interest in and to all that was acquired by them in Texas, and that as her heirs, they are entitled to a one-half interest therein; that there was never an administration in Texas upon the estate of Rachael J. Wasson and no necessity for such administration. In reply to the pleas of limitation, they allege:

"That all the possessions claimed and had was, by their cotenants, without knowledge to them of any denial of their ownership or of the ownership of their mother, they not knowing until the filing of this suit, of the acquiring of the said land by their mother, Rachael J. Wasson, and the said C. H. Brewer."

[7, 8] The office of an amended pleading, as defined by District and County Court Rule 12, as contradistinguished from a supplemental pleading, is to add something to or withdraw something from that which has been previously pleaded, so as to perfect that which is or may be deficient or to correct that which has been incorrectly stated by the party making the amendment. The office of a supplemental pleading is to allege new facts not before alleged by the pleader, in reply to that which has been alleged by the opposite party in the last preceding pleading filed by such adversary. District and County Court Rule 8.

From the foregoing brief summary of each of the several instruments constituting the pleadings found in the transcript, it will be observed that these rules have been utterly disregarded. The defendants in error insist in their brief that the case was tried in the court below only upon (1) the original petition filed by the Lucy Tiger Oil Company on June 7, 1926; (2) the second amended original answer and cross-action of the plaintiffs

in error filed November 23, 1926; and (3) the first amended original answer of the defendants in error filed February 2, 1927.

If the court had submitted the issues to the jury, we might have been able to determine, from the issues submitted, what particular pleadings were read to the jury; but we think it is clear that the pleading filed November 23, 1926, has been superseded, and we doubt whether we are authorized to consider the original petition filed June 7, 1926, since an effort was made to amend it by the pleadings filed on January 24, 1927, which, by reference, seeks to adopt the allegations of the original petition.

Defendants in error have not filed a transcript of their own, as they had a right to do, under R. S. 1925, article 2278; Cassin v. Zavalla, 71 Tex. 203, 9 S. W. 105; nor have they sought to strike the abandoned pleading from the transcript which was filed by plaintiffs in error. The transcript contains no order of any kind permitting the filing of pleadings, and shows no action by the court upon any of the numerous exceptions to the various pleadings filed. In the preparation of the transcript, District and County Court Rules 84 and 85, which require that pleadings and other proceedings shall be incorporated into the transcript in chronological order, have been entirely disregarded. Rule 88, requiring the clerk to note on the left hand margin of the page the name and date of each proceeding, and Rule 89, with reference to numbering the pages of the transcript, have also, with few exceptions, been ignored.

The court directed the jury to return a verdict against all defendants in favor of the Lucky Tiger Oil Company, Union Oil Company, Roxana Petroleum Corporation, R. M. Davis, and C. H. Brewer, as to all of the lands described in the petition.

By their joint pleadings, the defendants in error claimed these lands in common; but their evidence shows that each party claimed separate portions of the sections. The only witness who testified was Mrs. Rachael J. Rockhold, for the defendants. All other testimony was documentary. The substance of her testimony is that she was the daughter of Mrs. Rachael J. (Wasson) Brewer; that her mother first married Miles Wasson; that ten children were born to that marriage; that her father died in 1888, and after naming the children and other heirs, she stated that her mother married Brewer in May, 1902, and lived fifteen years after that, dying in 1917; that after their marriage, her mother and Brewer lived in Texas, in Amarillo, in the winter of 1906 and 1907, for about six months after the land in question was purchased; that the land was purchased in May or April, 1906. After the purchase of the land, they went to Iowa, and in the fall of the year 1906, they came back to Amarillo, and returned to Iowa in the spring of 1907. There was an agreement entered of record that J. W. Crudgington was the common source of title; that the four sections were state school lands and had been awarded to W. C. Sanders by the Commissioner of the General Land Office July 5, 1922, and that neither of the sections had ever been patented; that there was still due the state of Texas 97½ cents per acre as original purchase money.

[9] This court should not be required to depend upon conflicting statements made in briefs and in oral arguments to determine what the issues were in the trial court, but it is our duty to decide the questions submitted here, from the record before us, when that record has not been properly challenged, amended, or corrected. West Side Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W. 167; Wright v. Deaver, 52 Tex. Civ. App. 130, 114 S. W. 165; Sumrall v. Russell (Tex. Civ. App.) 262 S. W. 507; Parnell v. Barron (Tex. Civ. App.) 261 S. W. 529.

[10] If the record filed here contains instruments which should not be properly inserted therein, then unless there is something in the record itself from which we can determine that fact, the correction must be made in the trial court. Eaton v. Klein (Tex. Civ. App.) 174 S. W. 331.

Inaccuracies in the transcript cannot be corrected after the cause has been submitted. Court of Civil Appeals Rule 22; H. & T. C. Ry. Co. v. Parker, 104 Tex. 165, 135 S. W. 369.

[11] If a pleading has not been stricken upon exceptions urged to it in the trial court and is permitted to stay in the case until judgment, it must be considered for all that it means, regardless of what it may be called. Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S. W. 452.

[12-16] According to the rules announced in these and numerous other cases which might be cited, we must proceed to a determination of the questions presented, in the light of the issues tendered by the pleadings shown in the transcript, unless, possibly, it be the original answer filed by the plaintiffs in error on July 19, 1926. It would seem that this pleading was superseded by their pleading filed November 23, 1926. The pleading filed by the Lucky Tiger Oil Company, which, by reference, makes the original petition a part thereof, should also be considered, since it was not stricken upon exception. The three pleadings filed on February 2, 1927, the day of the trial, were not excepted to nor stricken upon motion, and while they contain many matters, properly pleadable, both by amendment and supplement, we do not feel authorized to disregard them. When the pleadings are so taken, it is clear that the defendant in error tendered in the

trial court the issue that Brewer claimed the land as his separate property and sold it as separate owner. The insistence of defendants in error that, because their adversaries sought, by cross-action, to recover in trespass to try title, this plea was eliminated, cannot be sustained. The cross-action did not change the attitude of the parties in the trial court, with reference to the property and the titles under which they claim. Defendants in error were still plaintiffs below, and Mrs. Rockhold and the other plaintiffs in error were still defendants, and the case was tried below upon that theory. This is made clear by the fact that the trial court so considered them, as shown by his peremptory charge to the jury to find for plaintiffs, who are defendants in error, and against the defendants, who are plaintiffs in error here. The recital in the judgment confirms us in the view that the case was tried upon that theory in the court below.

[17] Upon its face, the judgment is insufficient in that it fails to decree to each of the defendants in error the several tracts of land which the leases showed they were entitled. This should have been done under the prayer for partition. The judgment is that the defendants in error recover all four sections, and the rule is that a judgment must describe each portion to be recovered by the several parties litigant. Stevenson v. Barrow (Tex. Civ. App.) 265 S. W. 602.

[18-20] The case having been tried in the court below upon the theory that defendants in error were entitled to recover as the vendees of Brewer, who owned the land in his own separate right, the case must be determined upon the same theory in this court. A party may not try the case upon one theory below and be permitted to recover upon an inconsistent theory in this court, and the rule is further well settled that he must recover in the capacity and upon the cause of action urged in the court below, and a judgment rendered for him in a different capacity or upon a different cause of action than that stated in his pleadings, although supported by evidence, is improper. Moerlein v. Heyer, 100 Tex. 245, 97 S. W. 1040; Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904; Griffin v. Shamburger (Tex. Civ. App.) 262 S. W. 144, and authorities cited; A. L. Wolff & Co. v. M. K. & T. Ry. Co. (Tex. Com. App.) 289 S. W. 1000; Robinson v. Moore, 1 Tex. Civ. App. 93, 20 S. W. 994; McAfee v. Robertson, 43 Tex. 591.

As was said in Chambers v. Rawls (Tex. Civ. App.) 158 S. W. 208:

"Appellee pleaded his title specially, and averred that he claimed under the heirs of Salvador Chavira. The premises belonged to the community estate of Salvador and Aniseta and the interest of Aniseta was in her own right, and not as an heir. Deed from Aniseta, however, was offered in evidence. Judgment was rendered in appellee's favor for an undivided one-

half interest, the same being the interest acquired from the children and heirs of Salvador, and it was further ordered that he recover possession of the entire premises. By cross-assignment appellee contends that he should have recovered the entire title as well as exclusive possession. As we understand the correct rule, the owner of an undivided interest in lands as against a trespasser is entitled to the exclusive possession, and upon recovery of his undivided interest he is entitled to judgment further for such possession. We can conceive of no theory upon which judgment could properly be rendered in his favor for the complete title when, in fact, he is not the owner thereof. * * * Appellee having pleaded his title specially, he was by a well-defined rule confined and restricted to the title pleaded, and in the judgment he was therefore properly limited in his recovery to the one-half interest in the title acquired from the children and heirs, together with exclusive possession of the whole. * * * The principle here recognized would not be applicable if the land had been patented. In such case the entire legal title would have been vested in Salvador, subject to the wife's equitable title to an undivided one-half interest, and the children and heirs of Salvador would have inherited the entire legal title. * * * By their conveyance to Smith the legal title would have passed, and Rawls, as the vendee of Smith and holder of the complete legal title, should have recovered the entire title and possession of the whole, notwithstanding the state of his pleadings. But the legal title was still in the state, and under the deed from the heirs of Salvador the equitable title to an undivided one-half interest only passed."

The rule, supported by a multitude of authorities from practically every jurisdiction, is stated in 33 C. J. 1139–1143, as follows:

"A court cannot properly put upon its record a judgment which is not a proper sequence to the pleadings. The judgment must conform to and be supported by the pleadings in the case. It is a general rule that a recovery must be had, if at all, upon the facts alleged in the pleadings, and facts proved but not pleaded will not support the judgment, although found by verdict or findings, proof of a state of facts different from that alleged constituting a variance. A judgment must also be sustained by the evidence adduced in connection with the facts admitted by the parties in the pleadings, or otherwise. Facts pleaded but not proved, or admitted on the trial, will not support a judgment. In other words, the judgment must conform to both the pleadings and the proof and be in accordance with the theory of the action upon which the pleadings are framed and the case was tried. This rule is of universal application, and whether the action or suit is at law, in equity, or under the Code, the judgment must be secundum allegata et probata." Phelps v. Zuschlag, 34 Tex. 371; Davis v. Davis, 51 Tex. Civ. App. 491, 112 S. W. 948; Burns v. Burns, 59 Tex. Civ. App. 549, 126 S. W. 333; Fred v. Moseley (Tex. Civ. App.) 146 S. W. 343; Patterson v. Sylvan Beach Co. (Tex. Civ. App.) 171 S. W. 515.

[21, 22] The uncontradicted evidence in the case shows that the land was acquired by Brewer after his marriage to Mrs. Wasson,

by deed which contained no recitation showing that it was his separate property, and the land, therefore, is presumptively community property, in which the plaintiffs in error would inherit Mrs. Rachael J. (Wasson) Brewer's interest. No testimony was introduced to show that Brewer paid for the property out of his separate funds. Therefore, a directed verdict in favor of Brewer and his grantees was contrary to the theory upon which the case was tried in the court below and is unsupported by the evidence. This will require a reversal of the judgment.

[23] Presumptively this action was instituted under Revised Statutes 1925, articles 2040 and 2041. Article 2040 provides that when property in this state has accrued to the heirs of any deceased person, such heirs or legal representatives shall be cited by publication, and that the citation shall contain a brief statement of the cause of action. Article 2041 provides that in suits involving land, the brief statement of the cause of action to be made in the citation shall contain any special pleas which are relied upon (by the plaintiff) in such suit.

The plaintiffs' chain of title was specially pleaded by setting out the muniments of title and by the further special plea that the title rested upon the fact that the property was the separate estate of Brewer at the time of the conveyance. These pleadings were adopted by all the defendants in error. They did not plead that the land was community estate or that Brewer sold it as community survivor, so even if they are considered as defendants in the cross-action in trespass to try title brought by plaintiffs in error, they were still confined to the title and special defenses pleaded by them. Koenigheim v. Miles, 67 Tex. 113, 2 S. W. 81; Rivers v. Foote, 11 Tex. 662; Hughes v. Lane, 6 Tex. 289; Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264; Shields v. Hunt, 45 Tex. 424; Custard v. Musgrove, 47 Tex. 220; St. Louis, etc., Ry. Co. v. Whitaker, 68 Tex. 633, 5 S. W. 449; McSween v. Yett, 60 Tex. 183; Joyner v. Johnson, 84 Tex. 465, 19 S. W. 522.

In the pleading filed by defendants in error on February 2, 1927, and which they term a "supplemental answer," and which is therefore presumably the last pleading filed by them, they are still insisting, in paragraph 2, that the property which they purchased was the separate property of Brewer, in virtue of the laws of Iowa, where Brewer and his then wife lived; and in the third paragraph they emphasize this issue by pleading the antenuptial contract as a relinquishment by Mrs. Rachael J. (Wasson) Brewer of all her possible rights in Brewer's property, in the event he should die first, by her agreement to accept $1,000 and the possession of their home for one year in lieu of and in satisfaction of such possible interest.

But that is not all, for, as further evidence of their intention to recover upon the theory that Brewer claimed and sold the property as his separate estate, they allege that the cash payment for the land, of $1,600, was his separate fund, and that when he afterward borrowed $5,000 to pay Crudgington in full, he mortgaged his separate property to secure the loan and that the proceeds of the loan were his separate property. It would seem, therefore, whether the defendants in error be considered either as plaintiffs or defendants in the trial court, they must prove their title, as alleged, or fail. Having repeatedly, from the filing of their first petition to the filing of their last supplement, asserted title under a sale made by Brewer as the separate owner, and not as survivor of the community, they cannot recover upon the ground that he had the right, as survivor, to sell for the payment of community debts, especially when, according to their contention, if true, the debt due the state would be his individual obligation. Part of the consideration recited in the deed from Brewer to Poe was the assumption by the latter of the 97½ cents per acre due the state as purchase money. This being the condition of the pleadings, the issue of the right of a survivor to sell community property to pay community debts is not in the case, and will therefore not be discussed.

[24, 25] It was contended by defendants in error, during the oral argument, that because they had, by supplemental petition, pleaded not guilty to plaintiffs in error's cross-action in trespass to try title, they were entitled to show that they were bona fide purchasers of the land. We cannot assent to this contention. Because Revised Statutes 1925, art. 7373, provides that in a trespass to try title suit, under a plea of not guilty, the defendant may prove any defense except that of limitation, it has been held that under such plea the defendant may prove that he was a bona fide purchaser. This is because such an action is purely statutory and the privilege is extended in virtue of the statutory provision. In all other cases, the general rule is that a party who bases his right to recover or his defense upon good faith must allege it before he will be permitted to prove it. Kurz v. Soliz (Tex. Civ. App.) 231 S. W. 424; Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 338; Murray v. Randolph (Tex. Civ. App.) 174 S. W. 825; 39 Cyc. 1867.

Defendants in error did not plead that they were bona fide purchasers and cannot rely upon that fact, if proven, to sustain their title. Their action is throughout a suit to quiet their title.

[26] "As a general rule, the character or form of an action is to be determined from the complaint and is not changed by the na-

ture of defendant's answer or defense, or by plaintiff's reply." 1 C. J. 1006, § 130.

[27] As presented by the pleadings, the defendants in error sued to quiet title, and the plaintiffs in error set up their defenses to that action, and then by cross-action sued in trespass to try title. While, as to plaintiffs in error, the action is, in part, a suit in trespass to try title, nevertheless, as to defendants in error, it remains one to quiet title and remove clouds. Stevens v. Palmour (Tex. Civ. App.) 269 S. W. 1057.

[28] Under such conditions, plaintiffs in error were not required to prove any fact unless and until defendants in error had made out a prima facie case under their pleadings, entitling them to a judgment. Even if defendants in error had pleaded the defense of bona fide purchaser, no direct evidence was introduced to sustain the issue.

[29, 30] The court having directed a verdict for plaintiffs, the evidence upon the issues presented by plaintiffs must be considered in its most favorable light for the defendants. Crudgington's deed to Brewer raised the presumption that Brewer acquired it as community property. This presumption is also sustained by the fact that Brewer borrowed money during the existence of the community relation and made the final payment with the loan. The evidence further shows that the land having been acquired during coverture, the children of Brewer's wife were entitled to her community interest unless it had been shown by positive proof that the property was Brewer's separate estate, or that some of Brewer's coplaintiffs were bona fide purchasers. Considering all the evidence introduced, from the defendants' standpoint and most favorably to them, it necessarily follows that the trial court erred in instructing a verdict for plaintiffs. Plaintiffs, defendants in error, having failed to make out a prima facie case, we cannot presume that the court based his peremptory instruction upon any phase of the defendants' case.

The judgment is therefore reversed, and the cause is remanded.